Roberts *v.* Spencer, Executor.

## No. 12,960.

## ROBERTS *v* SPENCER, EXECUTOR.

DECEDENTS' ESTATES.—*Notice of Pendency of Final Settlement.—Requirements of.*—The notice of the time fixed for the hearing of an executor's or administrator's final settlement, required by sections 23 and 26 of the act of March 7th, 1883 (Acts 1883, p. 160), may be signed by the clerk of the court in which the matter is pending, and is not insufficient if it recites that it is "to the heirs, creditors and legatees," instead of "to all persons interested in said estate."

SAME.—*Claims.—When Barred.—Statute Construed.—Exceptions to Final Settlement Report.—Practice.*—Under the provisions of section 5 of the act of March 7th, 1883 (Acts 1883, p. 151), a claim against a decedent's estate will be barred if not filed at least thirty days before the filing of the final settlement report by the executor or administrator, subject to the exceptions of that section, and exceptions to such final settlement, filed by a creditor, based on the ground that he has a valid claim against such estate, which has not been filed within the time provided by statute, no excuse for the delay being set forth, and no fraud on the part of the executor being alleged, should, on motion, be stricken out.

From the Henry Circuit Court.

*C. L. Henry* and *H. C. Ryan,* for appellant.

*J. Brown* and *W. A. Brown,* for appellee.

MITCHELL, J.—It appears from the record in this case that Anderson Spencer, executor of the last will and testament of James N. Thornton, deceased, filed his final settlement report, as such executor, in the office of the Henry Circuit Court, on the 6th day of January, 1886. It appeared from the account stated, and the executor's report, that the estate had been pending in court for more than one year, the last current report having been made April 16th, 1885, and that all claims against the estate had been fully paid, and all debts collected, and that the estate had been finally settled.

The clerk fixed the hearing on the first Monday of the

ensuing February term of the Henry Circuit Court, that being the 1st day of February, 1886. Notice of the date of the hearing so fixed was given by publication in a weekly newspaper of general circulation published in Henry county, and by posting notices at the court-house door for two successive weeks.

On the day fixed for the hearing, James L. Roberts, claiming to be a creditor of the estate, entered a special appearance and moved to set aside the notice, alleging as cause therefor, that the notices were not signed by the executor, but by the clerk of the Henry Circuit Court, and that the notices did not require the heirs of the decedent and all others interested to appear, but, instead thereof, notified " the heirs, creditors and legatees " to appear.

The first point relied on for a reversal is the ruling of the court in overruling this motion. The statute, sections 23 and 26, Acts 1883, p. 160–1, relating to the settlement of decedents' estates, requires notice to be given by executors and administrators, to all persons interested in the estate, of the time fixed for the hearing of any matters relating to a final settlement report theretofore filed. The statute does not require the notice to be signed by the executor or administrator, nor does it particularly specify by whom it shall be signed, or that it shall be signed at all. *Wright* v. *Wells,* 29 Ind. 354.

If the executor or administrator causes due notice to be published and posted, since the notice required is one which pertains to a judicial proceeding, there is neither impropriety nor a departure from the statute if the notices are signed by the clerk of the court in which the proceeding is pending.

That the notice ran, " to the heirs, creditors and legatees," instead of " to all persons interested in said estate," afforded no ground for setting it aside. As applied to the subject-matter, the one is substantially the equivalent of the other.

The appellant filed eight exceptions to the final settlement

Roberts *v.* Spencer, Executor.

report, which exceptions were, upon motion, stricken out by the court. Of these it is only necessary to notice the sixth and eighth, in which the appellant alleged as ground for excepting to the final settlement, that, on the 26th day of January, 1886, some twenty days after the final settlement had been filed, he had filed a meritorious claim of fourteen hundred dollars against the estate, which claim was then pending and unpaid.

The statute regulating the filing of claims against decedents' estates provides that "if such claim be filed after the expiration of one year from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the cost of the claimant, and if not filed at least thirty days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees, and legatees." Acts 1883, p. 153, sec. 5.

The policy of the statute relating to the settlement of decedents' estates is to require a succinct and definite statement of all claims against each estate, whether due or not, to be filed in the office of the clerk of the court in which the estate is pending for settlement, and to prohibit the payment of any claim except the necessary current expenses of administration, or sums directed to be paid by the will, unless the claim shall have been filed and admitted on the appearance docket, or unless it shall have been adjudged by the court. The legislative purpose to prevent unreasonable and unnecessary delay in the settlement of estates is also very clearly manifested in the statute. To this end executors and administrators are required to give notice of their appointment. They are likewise required, at the end of one year from their appointment, or so soon thereafter as may be, to file in the court issuing their letters a true and complete account, exhibiting the exact condition of the estate. If the report then filed is not a final settlement, it is the duty of the executor or administrator to make a final settlement within six months thereafter, unless otherwise ordered by the court for good

cause shown.    After the expiration of one year from giving notice of his appointment, the court may, in its discretion and for cause shown, peremptorily order an executor or administrator to make final settlement, and may enforce compliance by attachment.

While claims filed against the estate remain pending, undisposed of, no final settlement can lawfully be made.    *Reed* v. *Reed,* 44 Ind. 429 ; *Heaton* v. *Knowlton,* 65 Ind. 255.

The pendency of a single claim may involve the solvency or insolvency of the estate, and arrest any further payment by the administrator of claims against the estate; hence the provision of the statute requiring claims to be filed at least thirty days before final settlement.    This means thirty days before the filing of any final settlement by the executor or administrator, after one year has expired from the time of giving notice of his appointment, and not thirty days before the confirmation of such report by the court.

An executor or administrator never could make a final settlement if, after making and filing such settlement, and pending its confirmation by the court, other claims might be filed.

An administrator who has collected all the assets, and paid them out on claims filed and allowed against the estate, is compelled by law to make a final settlement after the lapse of one year from giving notice of his appointment.    If other claims may then come in he may be left to suffer for having performed his duty according to the letter and spirit of the statute.

No fraud or concealment on the part of the administrator is shown.    *Reed* v. *Reed, supra.*    The estate was administered in due course, so far as appears.    If the appellant had a just claim against the estate, there is no valid reason shown for not having filed it within the time.    The court did not err, therefore, in striking out his exceptions to the final settlement.

Judgment affirmed, with costs.

Filed Oct. 11, 1887.