No. 14,386.

SCHRICHTE *v.* STITES' ESTATE.

DECEDENTS' ESTATES.—*Claim.—Time of Filing.*—A claim not filed within thirty days before final settlement of the estate is barred, and the fact that it is on file before the final settlement report is approved does not delay the settlement.

SAME.—*Administrator's Charges.— Who May not Object to.*—One who has no interest in the estate as creditor or otherwise can not object to the charges made by the administrator on account of services rendered by himself and his counsel.

SUPREME COURT.—*Time of Filing Brief.—Petition for Rehearing.*—A claim filed against an estate and disallowed, was, on appeal by the claimant, omitted from the transcript, but the appellant's argument proceeded on the assumption that the record was complete. Subsequently, upon *certiorari,* the record was amended.

*Held,* on the affirmance of the judgment, that a rehearing would not be granted to enable the appellant to file a supplemental brief because of such amendment.

.From the Fayette Circuit Court.

*G. C. Florea, B. F. Miller* and *F. J. Hall,* for appellant.
*J. I. Little* and *D. W. McKee,* for appellee.

BERKSHIRE, J.—The appellee filed his final settlement report, and caused notice to be given thereof as required by law.

Two days in advance of the day designated for the court to examine said report for approval the appellant filed a claim against said estate, and thereafter, but before the court had considered said report, he filed exceptions thereto as follows : (1). That there was a claim on file that the appellee had neither allowed nor disallowed. (2). That the appellant held a claim against said estate of which the appellee had notice when he assumed the trust, and which claim he had failed and refused to pay ; and (3), excessive charges made by the administrator for the services of himself and his counsel in the settlement of the estate.

The appellee demurred separately to the exceptions, and

the court having sustained his demurrer the appellant excepted, and the court approved said report and final settlement, and discharged the appellee from his trust.

The errors assigned call in question the ruling of the court in sustaining the demurrer of the appellee to the exceptions.

We do not stop to inquire as to whether it was proper practice to test the sufficiency of the exceptions by demurrer, for the reason that the right result was attained, and hence the appellant can not complain, even if his mode of procedure was irregular.

The appellant was required by the statute to file his claim within thirty days before final settlement of the estate, and having failed so to do, his claim was barred. Elliott's Supp., section 385; *Roberts* v. *Spencer*, 112 Ind. 85; *Roberts* v. *Spencer*, 112 Ind. 81.

The claim not being enforceable against the estate when filed, the fact that it was on file before the final settlement report was approved, did not operate to delay the settlement of the estate.

If the claim was a just one it is probable the administrator might have paid it without requiring that it be filed in court, but he was not bound to do so.

As the appellant had no interest in the estate as creditor, or otherwise, he could not object to the charges made by the administrator on account of services rendered by himself and his counsel.

We find no error in the record.

Judgment affirmed, with costs.

Filed Jan. 7, 1891.

## ON PETITION FOR A REHEARING.

MILLER, J.—A petition, supported by the affidavit of one of appellant's attorneys, has been filed for a rehearing. The ground upon which it is asked is to enable the appellant to file a supplemental brief, which he supposes was made necessary by reason of the amendment of the record upon *certi-*

orari, by bringing into the transcript the claim filed against the estate, which brief he did not file prior to the adjudication on account of his failure to obtain notice of the return to the certiorari.

A rehearing will not be granted to enable a party to file a brief or to move for the dismissal of the appeal (Board, etc., v. Hall, 70 Ind. 469; Bitting v. Ten Eyck, 82 Ind. 421) or to correct the transcript. Porter v. Choen, 60 Ind. 338; Board, etc., v. Center Tp., 105 Ind. 422.

In this case the appellant filed his brief on the 18th day of July, 1888, in ignorance, we may infer, of the omission of the claim from the transcript; as the case was argued upon that assumption we fail to see why the making of the correction should call for an additional argument.

The application for the certiorari was made in behalf of the appellant on the 18th day of November, 1890, and the correction returned December 11th, and judgment affirmed January 7th, 1891. No sufficient excuse is disclosed for the failure to file such briefs as counsel desired within the time fixed by the rules of this court.

No questions of law are argued in the petition, and we are satisfied with the original opinion.

The petition for a rehearing is overruled.

