JOHNSTON, ADMINISTRATRIX, *v.* WABASH VALLEY TRUST COMPANY, ADMINISTRATOR.

[No. 13,013.    Filed March 30, 1928.]

*Thomas M. Ryan, Claude Y. Andrews* and *Earl B. Stroup*, for appellant.

*Albert H. Cole*, for appellee.

NICHOLS, J.—This action is a claim against the estate of Florence E. Wallace, deceased, for services upon contract, and exceptions to the final report of appellee as administrator of the estate while said claim, as appellant contends, was pending undisposed of.

Appellant's claim was filed against said estate more than a year after appellee qualified and gave notice of its appointment as administrator of decedent's estate and less than thirty days prior to the filing of its final report as such administrator, appellant filed a claim against the estate of such decedent. After the time fixed for the hearing of the final report, notice thereof having been duly given, appellant tendered for filing, exceptions to the report on the ground that her claim was pending and undisposed of. She thereafter tendered a motion and affidavit for a change of venue from the regular judge of said court, both as to said exceptions and as to said claim. The court rejected the tender for filing of the exceptions and appellant's application for a change of judge, approved appellee's final report, and, in conformity with a motion contained therein and predicated upon a showing that the claim was not filed within the time allowed by law, ordered that appellant's claim be stricken from the docket, approved appellee's final report and discharged appellee as administrator.

In this court appellant assigns as error that the court erred in refusing to allow appellant to file her affidavit and motion for change of venue; in refusing to allow appellant to file her exceptions to the final report of appellee; in striking from the dockets of said court appellant's said claim; in approving the final report of appellee as administrator aforesaid; in adjudging said estate fully administered upon and finally settled, and in closing the same over the objection and exceptions of appellant.

Section 3152 Burns 1926 provides that if a claim be filed after the expiration of one year from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the costs of the claimant, and if not filed at least thirty days before the final settlement of the estate, it shall be barred. (There is an exception not here involved.)

It has been repeatedly decided that if a claim, filed after the expiration of one year from the giving of notice of appointment, is not filed at least thirty days before the filing of the final report, it is barred, and the fact that it was on file before the final report was approved will not save it. *State, ex rel.,* v. *Edwards, Admr.* (1894), 11 Ind. App. 226, 38 N. E. 544; *Schrichte* v. *Stites' Estate* (1891), 127 Ind. 472, 26 N. E. 77; *Stults, Admr.,* v. *Forst* (1893), 135 Ind. 297, 34 N. E. 1125.

In the Schrichte case, it was held that one whose claim against an estate is not filed within the time allowed by law has no interest in the estate as a creditor or otherwise, and has no standing in court to file objections to a final report.

As appellant has no standing in court because her claim and her exceptions by which she seeks to come into court were not filed within the time allowed by law, and, as there was before the court a motion to strike out such claim and to reject the exceptions to the final report, she had no right to file an application for a change of judge. *Goodrich* v. *Stangland* (1900), 155 Ind. 279, 58 N. E. 148.

A question of *res adjudicata* is presented, in that appellant's rights under her alleged claim had been, as appellee claims, theretofore adjudged against her, but having reached the foregoing conclusions, we do not need to consider such question.

Judgment affirmed.