WALL ET AL. *v.* ENGSTROM ET AL.

[No. 13,032.   Filed April 25, 1928.]

*August A. Bremer, Daniel E. Kelly* and *Edward J. Ryan,* for appellants.

*Roscoe R. Peddicord,* for appellees.

ENLOE, J.—This appeal is prosecuted from a decree of the Porter Circuit Court setting aside a deed to real estate and quieting the title of the appellees thereto.

The said deed was executed March 11, 1922, by one Maria Studt, and the grantee named therein was the appellant Clara E. Wall. On May 22, 1922, the said grantor died, leaving the appellees as her only heirs at law. After the death of Mrs. Studt, these heirs duly gave notice to the appellants that they disaffirmed said deed on the ground, among others, that said Maria

Studt was, at the time of making said deed, a person of unsound mind. A reconveyance having been refused, this action was brought upon a complaint in two paragraphs, one being upon the theory of unsoundness of mind of said grantor at the time said deed was executed, and the other upon the theory that said deed was obtained by fraud and undue influence. In each of said paragraphs, it was averred that said deed was executed without any consideration having been given therefor.

To this complaint, the appellants, who are husband and wife, answered by general denial. They also filed a cross-complaint in two paragraphs, the first being in ejectment, and the second to quiet title. These paragraphs of cross-complaint were met by an answer in denial. The issues thus formed were tried by the court and resulted in a finding in favor of the appellees upon the issues made upon their complaint, and a finding against the appellants upon the issues made upon their said cross-complaint; there was a decree accordingly. The alleged error is the action of the court in overruling appellants' motion for a new trial.

It is first contended that the decision of the court as to the issues made upon the said complaint is not sustained by sufficient evidence and is contrary to law. This contention involves a consideration of the evidence and the determination of its sufficiency to sustain the averments of either paragraph of said complaint, for, if either paragraph is sustained, as to the material averments thereof, by sufficient evidence, the appellees were entitled to a finding in their favor.

As to the issue of unsoundness of mind: we find in the record the testimony of a number of witnesses, persons who knew Mrs. Studt and who had talked with her on different occasions and who had, on such occasions, an opportunity to observe her manner and conduct, and each of these witnesses gave it as his or her opinion, re-

spectively, that in March, 1922, at the time of the making of said deed, Mrs. Studt was not a person of sound mind. As to this issue, the decision is abundantly supported by the evidence. As to the issue as to whether anything had been given, as a consideration for said deed, the appellant Clara E. Wall testified, as her testimony is set forth in appellants' brief herein, that "she and Mrs. Studt had gone to Hammond to Mr. Conroy's office three times; that the third time they took Mr. Neilip along as he was planning on purchasing the property; that when Conroy told Neilip about the property, and that there would probably be some difficulty in ousting the Ewiglebens, he backed out; that Mrs. Studt was disappointed in not making the sale; that she then told Conroy that she wanted to protect herself and the witness, and that Mrs. Wall had been good to her; that she instructed Mr. Conroy to make out the deed to the property to the witness, and that the deed was executed then and there in Conroy's office." It would thus appear that at that time Mrs. Studt was obsessed of the idea that it was necessary for her to protect herself against somebody (person undisclosed) and that, to accomplish this result, she made a voluntary conveyance—a gift, in fact—of the said property to Mrs. Hall. There is no evidence that Mrs. Hall gave, or promised to give, anything of value for and as a consideration for said conveyance. Also, it is undisputed that, at the time said deed was made, said property was worth about $2,000. The fact of the appellees being the sole and only heirs of said grantee, and, as such, being entitled to bring this suit, is tacitly admitted, and the only point appellants attempt to make, as to the sufficiency of the evidence, relates to the matter of the alleged undue influence and fraud, and, as before stated, the evidence being sufficient to sustain the other paragraph, the alleged fraud and undue influence become immaterial.

All matters presented by appellants have been considered, and we find no error in this record.

Affirmed.

McMahan, J., not participating.

Dausman, J., absent.