HALSTEAD, TRUSTEE, ETC., *v.* HALSTEAD'S ESTATE ET AL.

[No. 13,732. Filed January 10, 1930.]

D. *Delos Dean* and *John A. Dunlap*, for appellant. *Halleck & Halleck*, for appellees.

McMAHAN, J.—Everett Halstead, Orpheus Halstead and Virginia Halstead, by their promissory note dated December 1, 1911, promised to pay to the order of Benjamin Harris, six months thereafter, $8,624.34. Benjamin Harris died testate December 8, 1916, and, by Item four of his will, dated March 11, 1916, gave the above-mentioned note to his nephews, Everett, Chester, William, Micha R., Orpheus, David and Sanford Halstead, with the statement that it was his "will and desire that my nephew, Chester Halstead, collect the amount due on said note, and divide the proceeds thereof equally among said named beneficiaries thereof, share and share alike." Orpheus Halstead died intestate June 16, 1917, leaving as his only heir a son, Roscoe V. Halstead. Letters of administration were taken out on the estate of Orpheus, June 29, 1917, and a final report was filed April 10, 1919. May 2, 1919, was fixed as the time when this report would be presented to the court for approval, and due notice thereof given. On May 10, 1919, the court found that the administrator had paid all claims against the estate and that the estate had been fully administered except as to certain notes, the property of the estate, and which had not been collected. The court allowed the administrator and its attorney certain designated amounts for their services, for which the administrator was given credit. The administrator was also directed to pay to Roscoe V. Halstead $4,000, and to take credit therefor in its report when paid. The

order of the court concluded as follows: "The court now in all things approves and confirms said account in final settlement and the acts of the administrator as by it reported and continues the further and final hearing of this report and directs the administrator to give further attention to the items uncollected as recited in the report and to amend the report now on file or file a supplemental report as may be deemed advisable."

No further proceedings were had in said estate until August 11, 1926, when Chester Halstead filed the above note as a claim against such estate. This claim was amended in September, 1927, by making Everett Halstead a defendant. An amended claim was filed in May, 1928, in which it was alleged that in 1917, "Orpheus Halstead acknowledged in writing the existence of said note, that it was unpaid, and that he was liable for the payment thereof, and at the same time promised and agreed to pay the same."

A trial by the court resulted in a finding and order disallowing the claim and in a judgment against Everett Halstead for $28,943.27. Appellant's motion for a new trial specifying that the decision was not sustained by sufficient evidence, and that it was contrary to law, was overruled.

It is not necessary for us to determine whether the letters written by the decedent to appellant are sufficient to avoid the statute of limitations. The claim was filed more than one year after legal notice of administration had been given and after the filing of the final report. This was too late. §3152 Burns 1926, Acts 1881 (Spec. Sess.) p. 421, §86; *Roberts* v. *Spencer, Exr.* (1887), 112 Ind. 81, 13 N. E. 127; *Schrichte* v. *Stites' Estate* (1891), 127 Ind. 472, 26 N. E. 77, 1009; *State, ex rel.,* v. *Edwards, Admr.* (1894), 11 Ind. App. 226, 38 N. E. 544.

Affirmed.