ASHLEY, ADMINISTRATOR *v.* CANIDA, ADMINISTRATRIX.

[No. 14,458.   Filed October 18, 1934.]

*Oscar Birch,* for appellant.

*William Espenschied* and *William Espenschied, Jr.,* for appellee.

DUDINE, J.—Notice of appellee's appointment as administratrix of her decedent's estate was completed on October 11, 1929. Appellant filed a claim against appellee estate on March 31, 1931. It was transferred to the trial docket on May 25, 1931. Two days later appellee filed an unverified motion to strike appellant's claim from the docket, and as memoranda to said motion, it alleged that appellant's claim was not filed within one year after the giving of notice of appellee's appointment, and at least thirty days before appellee's report in final settlement of her estate was filed. Appellant filed a "counter affidavit" to appellee's said motion, in which affidavit appellant asserted, among other facts, the facts above set forth. The court sustained appellee's motion to strike appellant's claim and rendered judgment for appellee for costs, reserving exceptions to appellant, whereupon appellant prayed an appeal to this court, which was granted.

Appellant challenges the propriety of the court's ruling on said motion to strike out his claim.

In his said counter-affidavit, appellant averred that at the time he filed his claim two other claims of other claimants, which were filed within one year after the giving of notice of appellee's appointment and more than thirty days before appellee filed her report in final settlement, were still pending, that appellee filed her report in final settlement on April 24, 1931, and that said two other claims were then still pending and undisposed of.

Appellant admits that Sec. 3152, Burns 1926 (§6-1001, Burns 1933, §3119, Baldwin's 1934), fixes the period of time during which claims must be filed. The provision therefor is as follows:

". . . . if such claim be filed after the expiration of one year from the giving of notice by the

executor or administrator of his appointment, it shall be prosecuted solely at the costs of the claimant, and if not filed at least thirty days before *final settlement* of the estate, it shall be barred, . . ." (Our italics.)

Appellant admits that the phrase "before final settlement" as used in said language means before filing of the final report [See *Roberts* v. *Spencer* (1887), 112 Ind. 81, 13 N. E. 127; *Roberts* v. *Spencer* (1887), 112 Ind. 85, 13 N. E. 129; *Schrichte* v. *Stite's Estate* (1891), 127 Ind. 472, 26 N. E. 77, 26 N. E. 1009; *Johnson, Admx.* v. *Wabash Valley Trust Co.* (1928), 87 Ind. App. 288, 161 N. E. 684; *Halstead, Trustee* v. *Halstead's Estate et al.* (1930), 90 Ind. App. 595, 163 N. E. 531], but appellant contends that appellee "could not file" a report in final settlement as long as said two other claims remained pending, except by the filing of a bond such as is authorized by Sec. 3253, Burns 1926 (§6-1420, Burns 1933, §3218, Baldwin's 1934), which was not done; and that therefore appellant's claim was filed more than thirty days before "final settlement" within the meaning of said phrase, intended by said Sec. 3152, Burns 1926, and within due time.

The mere fact that a claim is pending and undisposed of, does not prevent an administratrix from *filing* a report in final settlement. Claims must be filed within one year after the notice of appointment of an administratrix, and a report in final settlement can be filed any time after the expiration of said year. Under an Act of 1931 (§6-1001, Burns 1933, §3119, Baldwin's 1934), such reports may, upon leave of court, be filed any time after six months after notice of appointment of administratrix.

Appellant's claim having been filed more than one year after the notice of appointment of appellee, and less than thirty days before appellee filed her report in final settlement, it was barred by Sec. 3152, Burns 1926 (§6-1001, Burns 1933, §3119, Bald-

win's 1934), and appellee's motion to strike the claim was therefore properly sustained.

Appellant contends the court erred in sustaining appellee's motion to strike appellant's claim, because said motion was based on facts which did not appear on record in the cause, and said motion was not verified.

It may be admitted, as a general proposition, that motions based on facts which do not appear of record in a given cause should be verified, but motions based on facts which are within the judicial knowledge of the court need not be verified. (Sec. 853, Watson's Rev. of Works Practice and Forms.)

The disposition by the court of a claim which has been placed on the trial docket, is in fact a step in the settlement of the estate. In any proceeding before a court, the court takes judicial knowledge of its own records in the proceeding. The dates of appellee's notices of her appointment, the date of filing of appellant's claim, and the date of the filing of appellee's report in final settlement were shown by the court's record in the probate cause involving the settlement of the estate of appellee's decedent, and the disposition of appellant's claim being a step in the settlement of said probate cause, the court could take, and we must presume, did take judicial knowledge of said facts. The fact that appellee, by her motion, suggested said facts, has no legal effect.

Pertinent questions are presented by appellee's brief, but in view of the result reached by us, we deem it unnecessary to discuss said questions.

No reversible error having been shown, the judgment is affirmed.