BARNARD, RECEIVER v. MILLER, ADMINISTRATRIX.

[No. 15,192. Filed April 2, 1935. Rehearing denied May 10, 1935. Transfer denied November 18, 1935.]

*Lesh & Lesh* and *A. E. Schmollinger,* for appellant.

*Othniel Hitch, James A. Ross* and *Matson, Ross, McCord & Clifford,* for appellee.

KIME, J.—It appears that this receiver was appointed for the Tuxedo State Bank on February 1, 1928, by the Marion Probate Court and that this receivership is still pending in said court. The court ordered its receiver

to make and collect a fifty per cent assessment against the stockholders of the Tuxedo State Bank under their constitutional liability. The appellant, during the lifetime of the appellee's decedent, brought suit to collect this liability, which suit was pending at the time of said decedent's death and until after the claim herein was filed, at which time said suit was dismissed without prejudice. Appellee's decedent died intestate and appellee qualified as administratrix of his estate October 20, 1930. The claim herein was filed June 28, 1932. The final report was filed July 7, 1932. The appellee filed a motion to strike out the claim, to which appellant filed verified objections. The appellant then filed a petition to amend the claim to make Dora Miller in her individual capacity a party. The court denied the latter and sustained the motion to strike the claim from the files. The appellant assigns as error the action on both rulings.

The appellant contends that the appellee, as administratrix, succeeded, in her official capacity, the deceased in the ownership of and title to the stock and by reason thereof the administratrix, as such, is liable for the constitutional liability thereunder and that there is no specified time when such claim shall be filed. Further that the "so-called final report" (as the appellant describes it) is not in effect a true final report but merely a sham and, therefore, should not defeat the claim of appellant, and conceding if the above be not true that the appellant should have been permitted to join the administratrix in her personal capacity because she transferred to herself the title to the stock or succeeded thereto by law or otherwise.

After decedent's death the receiver waited from October 20, 1930, the date letters of administration were issued, until June 28, 1932, before filing a claim in the estate. No reason for the delay is given. The receiver

had more than twenty months to file the claim and did not do so until less than thirty days before the final report was filed. The appellant contends vigorously here as it did before the trial court that the final report was not in fact a final report but a mere sham. All that the appellant contends may have been excellent reasons if filed as exceptions to the final report, but granting that the final report should not have been accepted by the court that is no reason for permitting the filing of this particular claim. Section 3152, Burns 1926, being §3119, Baldwin's 1934, §6-1001, Burns 1933, is very specific and the cases interpreting it sustain our conclusion. The liability existed from the time the letters were granted and appellant has advanced no reason why his inaction should now be rewarded by permitting the claim to be filed. The claim not being filed "at least thirty days before final settlement" it is barred and we so hold. *Ashley* v. *Canida* (1934), 99 Ind. App. 313, 192 N. E. 317; *McCullough et al.* v. *Kaufman, etc.* (1935), 100 Ind. App. 4, 193 N. E. 924.

As to the ruling refusing the appellant the right to make Dora Miller a party, since we have determined that the claim was not filed in time, of course the refusal of the court to admit a third person alleged to be liable on the claim could not be error.

Finding no reversible error, the judgment of the trial court is affirmed and it is so ordered.