## BEASLEY'S ESTATE *v.* RAUCH, RECEIVER.

[No. 15,805.  Filed November 22, 1937.]

*Browne, Campbell & Gemmill,* for appellant.

*Gus S. Condo, Robert M. VanAtta,* and *Robert R. Batton,* for appellee.

CURTIS, J.—This action in the trial court was predicated upon written exceptions filed to a final report in the estate of William A. Beasley, deceased. The said written exceptions were filed by the appellee, George W. Rauch, as Receiver of The First National Bank of Marion, Indiana. The final report was made and filed by the appellant, First National Bank in Marion, as Administrator *de bonis non* with the will annexed of the said estate. The cause was submitted to the court on said final report and written exceptions thereto, resulting in a finding that the appellant should pay the appellee's claims amounting to $840.00 plus interest. The judgment followed the finding. The appellant seasonably filed a motion for a new trial which was overruled and this appeal followed.

The controlling facts are agreed upon by the parties and are substantially as follows:

During his lifetime William A. Beasley, the decedent, purchased fourteen shares of stock in The First Na-

tional Bank of Marion, Indiana. This stock remained in his name at the date of his death on June 13th, 1932. The last will and testament of the deceased was duly admitted to probate on June 18th, 1932, and the above named bank was named as executor of said will and qualified as such and proper legal notice was given by publication the last of which publication was on the 7th day of July, 1932. In the inventory and appraisement of the personal estate of said decedent the said fourteen shares of stock were listed. Thereafter on the 6th day of March, 1933, the said bank ceased to do a banking business and to meet its obligations on demand and one George W. Rauch was appointed as conservator. On October 6, 1933, the said conservator on behalf of said bank filed a final report of its doings as such executor and resigned. The said report showed that the estate was not yet fully administered, whereupon the court appointed the appellee First National Bank in Marion as administrator *de bonis non* with the will annexed of said estate. On December 5th, 1933, the controller of the currency found and determined that the first mentioned bank was insolvent and the said conservator was then appointed as receiver for said bank. He immediately qualified as such receiver and has ever since been acting as such. On the 6th day of November, 1935, the controller of the currency duly levied a sixty per cent assessment on the stockholders in said defunct bank for the payment of debts and liabilities thereof. On the 9th day of November, 1935, the said receiver filed a claim in the proper clerk's office of the court wherein the estate was pending for the amount of said assessment against said stock to wit: $840.00, being the sixty per cent assessment on the par of said fourteen shares of stock, and notified the administrator of said estate. On the 5th day of December, 1935, the said administrator

filed its final report in said estate and gave due notice thereof by publication and posting. It is to this final report that the said exceptions were filed. The result of the trial upon the final report and said exceptions thereto has previously been stated.

The error relied upon for reversal is that the court erred in overruling the appellant's motion for a new trial which said motion contained the following causes or grounds, to wit: "(a) The finding and decision of the court was not sustained by sufficient evidence; (b) The finding and decision of the court was contrary to law."

The liability of the decedent was contractual. It existed from the time he became a stockholder and was to the full extent of the stock which he owned, to wit: $1,400.00 This liability, however, was subject to be diminished if the assessment determined upon and levied by the controller of currency was less than the full face value of the stock purchased and owned. In case no assessment is made the liability is extinguished. Here the assessment fixed by the controller was 60% of the par value of the stock amounting to $840.00. But the liability existed all the time from the date when the decedent became a stockholder even though the exact amount to be paid under said liability was not ascertained and did not accrue until the 60% assessment was made. In determining the nature and extent of the liability created by the purchase and ownership of stock in a national bank the Supreme Court of United States in the case of *Richmond* v. *Irons* (1887), 121 U. S. 27, 55, 7 S. Ct. 788, 30 L. Ed. 864, said: "Under that (the national banking) act the individual liability of the stockholders is an essential element in the contract by which the stockholders become members of the corporation. It is voluntarily entered into by subscribing for and accepting shares of stock. Its obliga-

tion becomes a part of every contract, debt, and engagement of the bank itself, as much so as if they were made directly by the stockholders instead of by the corporation. There is nothing in the statute to indicate that the obligation arising upon these undertakings and promises should not have the same force and effect, and be as binding in all respects, as any other contracts of the individual stockholder." See also *Matteson* v. *Dent* (1900), 176 U. S. 521, 20 S. Ct. 419, 44 L. Ed. 571; *Stuart* v. *Hayden* (1898), 169 U. S. 1, 18 S. Ct. 274, 52 L. Ed. 639. In the recent case of *Pufahl* v. *Estate of Parks* (1936), 299 U. S. 217, 57 S. Ct. 151, 81 L. Ed. 73, the Supreme Court of United States passed upon many questions of the same character as those that are before us herein. We quote from that case as follows (p. 225):

> "Although the petitioner's demand is based upon a federal statute, he may enforce it only in conformity to the law of the forum governing the recovery of debts of like nature. He might have sued in a federal court. Notwithstanding the statute providing that the citizenship of a national bank, for purposes of federal jurisdiction, shall be as if it were a corporation of the state where it has its place of business, the receiver is an officer of the United States and, as such, entitled to sue for assessments in a federal court, irrespective of the citizenship of the parties or the amount in controversy. If he elect so to do, R. S. 721 (28 U. S. C. §725) governs the trial:
>
> " 'The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply.'
>
> "In such a proceeding the state statute of limitations will be applied; and it seems that the local substantive law governing property rights in stock will be observed."

In the collection of stockholders' liabilities in national banks, the suits or claims for such liabilities must

be brought or filed before the statute of limitations of the state wherein the stockholder resides or his estate is pending, bars the suit or claim. In *Jones* v. *Canon et al.* (1933), 3 F. Supp. 49 (D. C. Tex.), the rule was announced as follows: "It seems to be settled that in the absence of a special federal statute of limitation the state statute applies. *Curtis* v. *Connly,* 257 U. S. 260, 42 S. Ct. 100, 66 L. Ed. 222. And this is true even though the cause of action arises under the laws of the United States. *O'Sullivan* v. *Felix,* 233 U. S. 318, 34 S. Ct. 596, 58 L. Ed. 980; *Benedict* v. *City of New York* (C. C. A.), 247 Fed. 758."

But whether due or not the statutes of this state require that the claim be filed in time or be barred. That part of the statute applicable to the particular point is as follows: ". . . the holder thereof whether such claim be due or not shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; . . . if the claim be filed after the expiration of six months from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the cost of the claimant, and if not filed at least 30 days before final settlement of the estate it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees and legatees." Section 6-1001 Burns 1933, section 3119 Baldwin's 1934.

The Indiana cases interpreting the above statute start with the leading case of *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 81, 13 N. E. 127, in which it was said (p. 84) :

"The pendency of a single claim may involve the solvency or insolvency of the estate, and arrest any further payment by the administrator of claims against the estate; hence the provision of the statute requiring claims to be filed at least thirty days before final settlement. THIS MEANS THIRTY

DAYS BEFORE THE FILING OF ANY FINAL
SETTLEMENT BY THE EXECUTOR OR AD-
MINISTRATOR, AFTER ONE YEAR HAS EX-
PIRED FROM THE TIME OF GIVING NOTICE
OF HIS APPOINTMENT, AND NOT THIRTY
DAYS BEFORE THE CONFIRMATION OF
SUCH REPORT BY THE COURT.

"An executor or administrator never could make
a final settlement if, after making and filing such
settlement, and pending its confirmation by the
court, other claims might be filed.

"An administrator who has collected all the as-
sets, and paid them out on claims filed and allowed
against the estate, is compelled by law to make a
final settlement after the lapse of one year from
giving notice of his appointment. If other claims
may then come in he may be left to suffer for hav-
ing performed his duty according to the letter and
spirit of the statute."

See also, *Barnard* v. *Miller* (1935), 101 Ind. App. 130,
194 N. E. 866; *Ashley, Admr.* v. *Canida, Admx.* (1934),
99 Ind. App. 313, 192 N. E. 317; *Johnston, Admx.* v.
*Wabash Valley Trust Co.* (1928), 87 Ind. App. 288,
161 N. E. 685; *McCullough et al.* v. *Kaufman etc.*
(1935), 100 Ind. App. 4, 193 N. E. 924.

The liability in the instant case is sought to be
established by exceptions to the final report in the
estate of Beasley, but where a claim is barred
under our statute it cannot be revived and pre-
sented by exceptions to a final report. Claims
against an estate can only be enforced in the manner
provided by the statute. See *Beckelhimer et al.* v. *Bab-
cock et al.* (1929), 88 Ind. App. 493, 164 N. E. 635, and
cases cited therein.

On November 9, 1935, which was within 30 days be-
fore the final report in the estate was filed the receiver
for the insolvent bank filed a claim against the
estate of Beasley for said sum of $840.00. The
estate had been open at that time for approxi-

mately three and one-half years. The insolvent bank had been determined to be insolvent approximately two years before the claim was filed. The only excuse offered for the failure to file·such claim sooner was the fact that the controller of the currency had not seen fit to fix the percentage of liability of the stockholders until November 6, 1935. No act whatever. of the estate prevented the filing of the claim sooner. It could have been filed immediately after the receiver of the defunct bank was appointed which would have been exactly two years before the final report in the estate was filed.

We need not be concerned in the instant case with what might be declared to be the rules of law to be applied (if indeed it would make any difference) if the insolvency of the bank had been determined by the controller less than thirty days before the final report in the estate had been filed or had been seasonably determined at. such a late date before the final report was filed as would have prevented the filing of the claim, in the exercise of due diligence, before the. thirty days had begun to run. In the instant case the insolvency of the bank had been determined, as previously pointed out, approximately two years before the final report in the estate was filed.

It would be a strange interpretation of the law that would permit the controller of the currency thus to keep an estate open. The claim not having been filed in time was barred by our statute of limitations heretofore set out and as previously stated cannot be prosecuted by way of exceptions to the final report. The appellee insists that our statute of limitations applies only to claims against the decedent arising in his lifetime, but we are unable to see the distinction attempted to be made as it is applied to the instant case. When entered into, the contract by which the deceased became the

owner of the said stock cast a liability upon him personally which upon his death became a liability against his estate. Neither are we impressed with the other contention of the appellee that the liability shown in the instant case was in that class of obligations of an estate that do not require a claim to be filed. Without attempting to enumerate all of the latter kinds of claims we suggest a few such as costs of administration of the estate, taxes, and a widow's statutory allowance of $500.00, and claims of like character. The law casts upon the administrator or executor the duty to pay such claims without their being filed or presented for payment. Generally speaking such claims arise by virtue of some statute or public policy and not out of contract. See *Graham* v. *Russell, Auditor* (1899), 152 Ind. 186, 52 N. E. 806; *Rush* v. *Kelley* (1905), 34 Ind. App. 449, 73 N. E. 130; *Ring* v. *Ewing, Executor* (1874), 47 Ind. 246; *Hildebran* v. *Kinney* (1909), 172 Ind. 447, 87 N. E. 432.

The claim in the instant case arises out of contract and does not fall within the class of claims just enumerated. In order to enforce the claim herein it was necessary that it be filed before it was barred. If not having been so filed it can not be made the basis for the judgment herein. The decision of the court is contrary to law and the judgment is reversed with instructions to the trial court to set the same aside and to enter judgment for the appellant.