STATE EX REL. DEPARTMENT OF FINANCIAL INSTITUTIONS
*v.* RICHARD'S ESTATE.

[No. 16,383.   Filed January 5, 1940.   Rehearing denied March 27,
1940.   Transfer denied June 10, 1940.]

*Lee M. Bowers,* of Huntington, for appellant.
*Knowlton H. Kelsey,* of Huntington, for appellee.

CURTIS, J.—The controlling facts of this case are not in dispute, having been, in the main, established by stipulation of the parties. They may be briefly summarized as follows: Marvin W. Richards died testate on June 28, 1932, owning the 6⅔ shares of bank stock in the First & Farmers State Bank, Roanoke, Indiana, here in dispute. Item Two of his will, probated July 1, 1932, read: "I give, devise and bequeath to my wife, Rosa M. Richards, all my personal estate of every kind and description." Rosa M. Richards, appellee's now decedent, qualified and was duly appointed executrix.

On July 16, 1932, as required by law, said executrix, as such, filed an inventory and schedule for fixing inheritance tax, listing the 6⅔ shares of bank stock, $666.66 par value, at $100.00, and on July 28, 1932, the

report of the appraiser for inheritance tax purposes was filed listing the said stock at $100.00. Between July and September 7, 1932, a meeting was called, not participated in by appellee's decedent, looking toward the liquidation of the bank, and on September 7, 1932, the First & Farmers State Bank went into liquidation pursuant to the law then in force.

The relative proportion of assets to liabilities was not substantially changed between the date the bank went into voluntary liquidation and October 25, 1933, the date on which the Department of Financial Institutions declared a full assessment on the stockholders of the bank.

On January 26, 1933, almost seven months after her husband's death and nearly five months after the bank went into voluntary liquidation, Rosa M. Richards, appellee's decedent, petitioned for permission to file her final report and upon said petition being granted filed her final report in the said estate. That report was duly approved in February, 1933, and the said executrix was discharged.

In that final report, duly approved, said Rosa M. Richards, executrix, reported to the court that she, individually, under the terms of the will of her husband, a copy of which was filed with the report, had been given all the personal property and that "the same except 6⅔ shares of bank stock in the Roanoke Bank, had been taken by her as and for her own and is claiming the same."

No objections were made to approval of that report and no proceedings were ever begun to set the report aside and reopen the estate. On or about October 18, 1933, after the approval of the final report, the appellant, Department of Financial Institutions, took charge

of the defunct bank, which had then been in liquidation for more than a year.

On October 25, 1933, the Department of Financial Institutions adopted a resolution declaring full liability on the stockholders of the bank.

In November, 1933, Rosa M. Richards, the appellee's decedent, notified the Special Representative that she did renounce and disclaim and continued to renounce and disclaim any interest in the stock in question.

On December 15, 1933, a letter was written by the Special Representative, suggesting that Rosa M. Richards could not take the assets and leave the liability, and that unless payment was had by December 10, 1933, it would be necessary to reopen this estate of Marvin W. Richards, but no such proceedings were ever taken.

Rosa M. Richards died in the early part of the year 1936 and her estate was duly opened; the original claim herein was filed in her estate on January 14, 1936, and the amended claim was filed February 3, 1937, both of which were disallowed; the trial of the issue on the claim and the answer supplied by statute was had on February 4, 1937, resulting in a finding and judgment in favor of appellee and against appellant on February 1, 1939. The appellant in due time filed a motion for a new trial which was overruled and this appeal then followed. The error assigned is the ruling on the motion for a new trial. The causes or grounds of said motion are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

We quote a part of the stipulation of the parties in these words:

"It is further stipulated and agreed that the stock constituting the basis of the claim filed herein was never transferred upon the books of the Roanoke State Bank; that the decedent never exercised

any of the rights of ownership over said stock, nor voted the same, and did not particiapte in any stockholders' meeting looking toward the liquidation of First & Farmers State Bank of Roanoke, Indiana; that on September 7, 1932, the First & Farmers State Bank of Roanoke was insolvent and that there had been no substantial change in the relation of the assets and liabilities between the day the bank went into liquidation and the date of the determination of the necessity for and the declaration of an assessment for stockholders' liability by the Department of Financial Institutions.

"That no claim was filed against the estate of Marvin W. Richards on behalf of any creditor of said bank or any other person for any liability on account of the six and two-thirds shares of stock upon which the claim herein is based.

"That the final report offered in evidence was regularly approved by the Huntington Circuit Court after due notice was given and that the estate of Marvin W. Richards remained open for the statutory time.

"That it is stipulated and agreed that during the time the First & Farmers State Bank was in voluntary liquidation the attorney for the liquidating agent acting on the direction of said members of the Board of Directors of said bank prepared a complaint to enforce stockholders' liability against stockholders of said bank but no official action of the Board of Directors was taken authorizing the filing of said complaint and said complaint was not filed.

"We further stipulate that no claim was filed by any creditor against the estate of Marvin W. Richards."

The "Roanoke State Bank" referred to in some parts of the stipulation is simply another name sometimes used by the parties for the First & Farmers State Bank, Roanoke, Indiana.

It is to be kept clearly in mind that the claim in the instant case is a claim against the estate of Rosa M. Richards, deceased, and that no claim of any kind was

filed in the estate of her said husband, Marvin W. Richards, nor was there any action ever filed to reopen said estate. We are, therefore, in no way concerned with what the result would have been in that estate had a timely claim been filed or had there been a petition under the statute filed therein to reopen said estate. As throwing a side light upon the question under consideration see *Beasley's Estate* v. *Rauch, Receiver* (1937), 104 Ind. App. 312, 11 N. E. (2d) 60.

The appellant's main contention centers around its statement in its brief that: "On January 26, 1933, seven months after her husband's death and about four months after said Bank suspended payment, said executrix petitioned the court, under the statute, for permission to close said estate after six months. She filed her final report showing full compliance with the will of said decedent and setting out therein that 'all the personal estate was devised to her; that the same (except 6⅔ shares of bank stock in the Roanoke Bank) has been taken by her as and for her own, and is claiming the same.' The exception in parenthesis, 'except 6⅔ shares of bank stock in the Roanoke Bank,' was careted in the typewritten report with pen and ink.

"(5) This inclusion in the final report, as an afterthought, of the words 'except 6⅔ shares of bank stock in the Roanoke Bank,' is the only act by which it is claimed that Rosa M. Richards rejected or renounced said bank stock. This report shows it was an afterthought, done after the Bank suspended payment, because the words were careted in with pen and ink after the final report was typewritten.

"(6) The only fair conclusion that can be drawn from the actions of Rosa M. Richards, as executrix, as set out hereinabove in points one to five, inclusive, is

that she accepted this bank stock under item two of her deceased husband's will."

There isn't a scintilla of direct evidence and no evidence from which the conclusion would inevitably flow that any rejection of the stock in question by Rosa M. Richards was an afterthought, done after the bank went into liquidation to avoid the stockholders' liability and "that she accepted this bank stock under item two of her deceased husband's will" as contended for by the appellant. The appellant in drawing its conclusions has evidently overlooked the fact that Rosa M. Richards was acting in two capacities, first as the executrix of the will of her deceased husband, and secondly as an individual as the legatee and devisee under his will. In making the inventory in the estate and in the preparation of the petition to determine the inheritance tax she was acting in her capacity as executrix in accordance with the requirements of law. In the rejection of the bank stock she acted individually.

Section 6 of Article 11 of the constitution of this state provides that, "The stockholders in every bank or banking company shall be individually responsible, to an amount, over and above their stock, equal to their respective shares of stock, for all debts or liabilities of said bank or banking company." This provision of the constitution has been construed and explained. See: *Gaiser* v. *Buck* (1931), 203 Ind. 9, 179 N. E. 1; *Rowley* v. *Pogue* (1932), 203 Ind. 655, 178 N. E. 449, 181 N. E. 589.

In "an Act concerning financial institutions," Chapter 40, Acts 1933, section 240, and the 1935, 1937 and 1939 amendments thereto, the word "shareholder" is apparently used synonymously with the word "stockholder" as used in the constitution. In these legislative Acts above referred to the word share-

holder is defined as follows: "The term 'shareholder' means one who is a holder of record of shares of stock in a corporation, unless the context otherwise requires." The primary constitutional liability of stockholders in a bank or banking company did not arise with the enactment of the financial institutions act or acts. The primary purpose of these financial institutions acts as affecting stockholders' or shareholders' liability is to set up the procedure for the enforcement thereof.

The appellant contends that even though the stipulation established the facts that said stock "was never transferred upon the books of the Roanoke State Bank; that the decedent never exercised any of the rights of ownership over said stock," that yet the appellee's decedent should, on account of the other facts disclosed, be held to be liable for the double liability. Among other things the appellant says that her rejection of the stock was an afterthought, basing its contention upon the fact that the final report filed by her had in it the statement that all of the personal estate of her said husband had been bequeathed to her and that the same "except the shares of Bank stock in the Roanoke Bank" had been taken by her as her own, the contention being that the words "except the shares of Bank stock in the Roanoke Bank" had been careted ino the final report. If it were conceded that the element of time when this interlineation was made was a controlling factor yet there is a total lack of evidence to indicate that said interlineation was made at any other time than at the time of the preparation of said final report and before it was filed. The report was examined and approved by the court after due notice had been given. It, under the circumstances, speaks in this court as it was written and duly approved by the trial court.

She had the right to reject this stock. See Page on Wills (2d Ed.), Vol. 2, § 1198, p. 1995, also § 1235, p. 2059.

A careful reading of the will of her deceased husband fails to disclose any intention whatever on his part to cast upon his widow any obligation or onerous burden with respect to the stock in question. The trial court was amply warranted in concluding that she did nothing nor failed to do anything required of her to be done by which she could be rightfully held to have assumed any such burden. Certainly she was not benefited in any manner by the stock. In our opinion the evidence fully sustains the trial court in the conclusion evidently reached that her rejection and renunciation of the stock was timely, unequivocal and complete. We see no good reason in law to hold that she should be burdened with this stockholder's liability. See: Page on Wills (2d Ed.), Vol. 2, § 1238, p. 2061; 28 R. C. L., § 351, p. 352; 69 C. J. 2168, p. 974.

In the above authorities and the many cases cited therein the rule seems clearly established that where an effective rejection or renunciation is timely made by one who has the right it will usually relate back or attach as of the time when the gift, bequest or devise would otherwise become effective, leaving the donee, legatee or devisee without an interest in the property in question and without liability in connection therewith.

The ruling on the motion for a new trial was correct.

Judgment affirmed.

NOTE.—Reported in 24 N. E. (2d) 422.