IN THE MATTER OF THE ESTATE OF LUCIUS M. WAIN-WRIGHT, DECEASED

STATE EX REL. DEPARTMENT OF FINANCIAL INSTITUTIONS *v.* FLETCHER AMERICAN NATIONAL BANK ET AL.

[No. 16,547. Filed May 26, 1941.]

*Omar Stokes Jackson,* Attorney General, *Joseph W. Hutchinson,* Deputy Attorney General, *Neal & Williams,* of Indianapolis, and *George Osborn,* of Sheridan, for appellant.

*James A. Ross, Merle H. Miller (Matson, Ross, McCord & Ice,* of counsel) all of Indianapolis, for appellees.

BEDWELL, J.—The appellant filed an action against appellees in the Marion Probate Court to set aside and vacate its order and judgment approving the final

report of Guy A. Wainwright, Executor of the last Will and Testament of Lucius M. Wainwright, deceased. The trial court sustained the demurrer of appellees to the amended petition of appellant and, appellant refusing to plead further, judgment was rendered against it. The error assigned is the sustaining of appellees' demurrer to the amended petition of appellant.

This amended petition is quite extensive, but the controlling facts, necessary for the decision of the cause, are as follows:

On July 11, 1933, the Citizens State Bank of Noblesville, Indiana, suspended business, and on the following day the Department of Financial Institutions of the State of Indiana filed its notice, in the Hamilton Circuit Court, alleging that the said bank was insolvent, and that such department had taken charge of it for the purpose of liquidating its assets; that at the time said bank ceased to transact business, and for some time prior to the 11th day of July, 1933, said bank was insolvent.

Lucius M. Wainwright died testate on the 24th day of February, 1931, the owner of a large amount of property. His will was duly probated in the Marion Probate Court on the 3rd day of March, 1931; and on such date, Guy A. Wainwright duly qualified as executor of such will. At the time of his death, Lucius M. Wainwright was the owner of one hundred thirty-five (135) shares of the capital stock of the Citizens State Bank of Noblesville, Indiana, of the par value of one hundred dollars ($100) per share. He was the elected, qualified, and acting Vice-President of such bank during the years 1928, 1929, 1930, and until his death on the 24th day of February, 1931. Said bank was financially embarrassed during the years 1931, 1932 and until it closed its doors on the 11th day of July, 1933; that during the

time that it was financially embarrassed, it was required to borrow large sums of money; and during a part of such period it operated under a voluntary moratorium and in a precarious financial condition. That Guy A. Wainwright, individually and as executor of the estate of Lucius M. Wainwright, deceased, knew that said Citizens State Bank, during the years 1932 and 1933, had large sums of money borrowed, and that it had pledged as security therefor, a large part of its assets; that it was insolvent, and that its capital was entirely depleted, and that a major part of its loans on negotiable paper was worthless; and that upon an examination of such bank, by the Department of Financial Institutions, it would be required to close its doors, cease doing business, and liquidate; and that thereupon a one hundred per cent (100%) stock assessment would be levied on the shares of the capital stock of said bank.

On the 25th day of October, 1933, a resolution to enforce stockholders' liability of the stockholders of said bank was duly adopted by the Department of Financial Institutions; and on the 1st day of November, 1933, a written notice and demand was made upon Guy A. Wainwright, as executor of the Lucius M. Wainwright estate, for the sum of thirteen thousand five hundred dollars ($13,500), as stockholder's liability on the one hundred thirty-five (135) shares of capital stock of such bank that was owned by Lucius M. Wainwright at the time of his death on February 24, 1931.

On the 9th day of May, 1933, Guy A. Wainwright, as executor under the last will and testament of Lucius M. Wainwright, deceased, filed his final report as such executor in the Marion Probate Court; and such report was duly approved on the 10th day of June, 1933; and by the order and judgment of such court, Guy A. Wainwright was then discharged as executor of such estate.

In such final report, the executor showed that the beneficiaries under the last will and testament of Lucius M. Wainwright declined to accept the one hundred thirty-five (135) shares of common stock of the Citizens State Bank; and such shares were, by said executor, transferred to the clerk of such court, to be held by such clerk, for the benefit of such beneficiaries.

The appellant's amended petition further avers, that by reason of such final settlement, and the discharge of the defendant executor, it has been wrongfully prevented from filing its claim against the estate of Lucius M. Wainwright, for said stock assessment, in the aggregate sum of thirteen thousand five hundred dollars ($13,500), and thereby, has been prevented from collecting any of said stock assessment; that there were ample assets in said estate to satisfy such stock assessment; and the petition prays the court, that the final settlement of the estate be revoked and set aside, and the estate reopened for further administration thereon as might be necessary to protect the rights and interest of the appellant.

Appellant sought to set aside the final report of the executor under the provisions of § 6-1424, Burns' 1933, which provides, in part, as follows:

"When final settlement of an estate shall have been made, and the executor or administrator discharged, any person interested in the estate, not appearing at the final settlement, nor personally summoned to attend the same, may have such settlement, or so much thereof as affects him adversely, set aside, and the estate reopened, by filing in the court in which the settlement was made, within three (3) years from the date of such settlement, his petition, particularly setting forth the illegality, fraud or mistake in such settlement, or in the prior proceedings in the administration of the estate, affecting him adversely."

Appellant is contending that there was "fraud" in such settlement that affected it adversely. This fraud, it contends, was "fraud in law," growing out of the fact that Guy A. Wainwright, individually, and as executor, knew that the Citizens State Bank was insolvent, or in imminent danger of insolvency, during the years 1931, 1932, and 1933, and that he knew it was insolvent at the time he filed his final report as executor, and that as a beneficiary, under the will, he knew it was to his benefit and gain to close the estate of Lucius M. Wainwright, and thus prevent the collection of a contingent liability, which would ripen into a matured liability by virtue of the stock assessment on the one hundred thirty-five (135) shares of capital stock of such bank.

If an executor or an administrator files his final report after the time fixed by statute for the filing thereof, with the knowledge of the existence of a contingent claim which has never been filed or presented during the pendency of the administration, is the act of the executor or administrator, legal fraud, which will require that the order for final settlement be vacated and set aside? The filing of a final accounting by an executor or administrator is provided for by § 6-1401, Burns' 1933, (Acts 1931, ch. 81, § 2, p. 230). This section of the statute provides:

> "After six (6) months from the date of the giving of notice by such executor or administrator of his appointment every executor and administrator may, with the consent of the court in which such estate is pending, and at the end of one (1) year from the date of such letters, unless excused for cause by the court of his appointment, shall file in such court his final account."

The required showing in such final account is specified by such section of the statute, which also provides

that it be accompanied by the affidavit of the executor or administrator, "that the account is a true and complete exhibit of his administration of the estate." There is no requirement for any showing concerning any contingent claim about which the executor or administrator may have personal knowledge. Provision is made by another section (§ 6-1420, Burns' 1933) for the securing of pending claims which have not been paid, but no provision is made by statute for the payment of contingent claims, or unmatured claims, that have never been filed or asserted as a claim against the estate.

This court has quite recently held, in *Beasley's Estate* v. *Rauch, Rec.* (1937), 104 Ind. App. 312, 11 N. E. (2d) 60, that whether a claim against an estate is due or not, the statute requires that it be filed in time or it is barred. This court, in such case, calls attention to and quotes from § 6-1001, Burns' 1933, which requires that the holder of a claim, "whether such claim be due or not, shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending"; and to the further provision of such section of the statute concerning the filing of claims, which provides, ". . . . and if not filed at least thirty (30) days before final settlement of the estate, it shall be barred, except as hereinafter provided in case of liabilities of heirs, devisees, and legatees."

It is well established by decisions of both this and the Supreme Court of this state, that unless a claim has been filed thirty (30) days before final settlement, which means thirty (30) days before the filing of the final report as provided by statute, the claimant has no standing as a creditor of the estate, and his claim is barred. *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 81, 84, 13 N. E. 127; *Schrichte* v. *Stites' Estate* (1891), 127 Ind. 472, 473,

26 N. E. 77, 26 N. E. 1009; *Ashley, Admr.* v. *Canida, Admx.* (1934), 99 Ind. App. 313, 192 N. E. 317; *McCullough* v. *Kaufman, Admr.* (1935), 100 Ind. App. 4, 193 N. E. 924; *Beasley's Estate* v. *Rauch, Rec., supra.*

In the case of *Beasley's Estate* v. *Rauch, Rec., supra,* the receiver of a national bank filed exceptions to the final report of an administrator for the purpose of enforcing the liability of decedent's estate for an assessment levied by the controller of the currency against stock in a national bank, owned by decedent at the time of his death. The assessment was levied, and the claim was filed, within thirty (30) days of the filing of the final report by the administrator; but this court held that the claim was barred by statute and that it could not be revived and presented, by exceptions to the final report. · No valid distinction exists between the case there determined and this case, where the assessment was made more than four (4) months after the filing of the final report and the discharge of the executor.

In the case of *Edwin R. Forrest, Petitioner* v. *Arch R. Jack, as Receiver of the Nephi National Bank of Nephi, Utah,* 294 U. S. 158-165, 79 L. Ed. 829, the Supreme Court of the United States held that there could be no liability on the part of decedent's estate, under the laws of Utah, for an assessment made against national bank stock after complete administration and final distribution of all the property of the estate. Under the laws of Utah, the same as under the law of Indiana, a decedent's estate, after distribution, is not subject to the enforcement of claims.

Appellant's contention, in this case, seems to be that it should be permitted to set aside the final report of the executor, and open the estate, so that it could file a claim, that could be barred by statute, immediately after its filing. There is no reason

to say that a contingent claim for stockholders' liability that may, or may not, become a matured claim, has a higher standing under the laws of Indiana than an actual claim. There was nothing in the action of the executor that constituted fraud, either actual or constructive; no misrepresentations were made; the administration of the estate was kept open for more than two (2) years after the death of the decedent; by provisions of statute the executor was required to file his final report, unless excused for cause, by the court of his appointment. The executor did not know, and could not know, that any claim in the future would be asserted by the Department of Financial Institutions on account of stockholder's liability. It is a matter of common knowledge that during the years 1931, 1932, and 1933, there were thousands of banks in the United States that were technically insolvent, yet many of these banks were never closed, no claims for stockholders' liability were asserted, and the banks are operating today as solvent institutions. An executor or administrator might know of conditions which might result in the assertion of future claims against the estate, if the administration thereof was kept open; but it would not be fraud, for him to file his final report, at the time that he was required by statute, to file the same. If this is not true, it is easily understood that it would be very hard to end the administration of an estate within any reasonable time; and if an administrator were permitted to keep open the administration thereof, because of the existence of conditions that might result in the assertion of future claims, great hardship would result to those who are entitled to the proceeds upon final distribution.

The trial court did not err in sustaining the demurrer to appellant's amended petition.

This judgment is affirmed and it is so ordered.

NOTE.—Reported in 34 N. E. (2d) 164.