## EVERS *v.* THOMPSON, ADMINISTRATRIX.

[No. 17,168. Filed December 16, 1943. Rehearing denied February 21, 1944.]

*Ralph W. Probst,* of Kendallville, for appellant.

*Merritt Diggins* and *Rex S. Emerick,* both of Kendallville, for appellee.

DOWELL, J.—This appeal arises out of the filing of a claim by the appellant in the court below against appellee administratrix' estate after the expiration of one year from the date of issuance of letters of administration upon the estate. Appellee, thereafter, filed her verified motion to strike the claim from the files which motion was sustained by the trial court. Issues raised by appellee's motion were (a) that appellee had filed a final report at the end of one year from the date of issuance of letters upon her decedent's estate (b) that appellant's claim was not filed according to law, in that

it was not filed more than thirty days prior to the filing of appellee's final report.

The facts involved are undisputed and may be stated briefly. Appellee's decedent, Howard J. Evers, died intestate on February 16, 1942, and letters of administration were issued by the clerk of the proper court to appellee on February 19, 1942, who caused first notice of same to be published on February 20, 1942. On January 29, 1943, appellee filed inheritance tax schedule and the matters therein were ordered referred by the court. On March 3, 1943, appellant filed his claim and on March 26, 1943, appellee filed her final report and notice thereof was given in due form. On May 24, 1943, the court determined the amount of inheritance tax due pursuant to notice previously given and ordered same paid. Appellee filed no petition to obtain the consent of the court to close the estate in less than one year.

The only matter presented to this court for review by appellant's assignment of errors is the action of the court below in striking appellant's claim from the files, which was done, according to the record, after hearing and submission of evidence.

Appellant first insists that he had one year and twenty-one days from the date of publication of notice of appellee administratrix' appointment within which to file his claim and in support of this proposition asserts (a) that the date of publication of the notice of appointment of appellee as administratrix starts the running of the limitation period within which appellant must file his claim and that appellant's claim could not be barred if filed within that period (b) that the estate could be finally settled only at the end of one year from the issuance of letters and the giving of notice thereof, the appellee not having obtained the consent of the court

to settle the estate at the end of six months after the date of said notice (c) that appellee's filing of her final settlement account was premature and could not shorten the time allowed for filing the claim.

Appellant's second contention is that appellee could not file a final report because the estate had not been fully administered for the reason (a) that claims had been properly filed against the estate and were pending and unallowed (b) that appellee was not entitled to a final accounting in the absence of a receipt showing the payment of inheritance tax.

The filing of claims against estates is governed by chapter 81, § 1, Acts 1931, § 6-1001, Burns' 1933, the presently pertinent portion of which is:

". . . but the holder thereof . . . shall file a succinct and definite statement thereof in the office of the clerk of the court in which the estate is pending; . . . if such claim be filed after the expiration of six (6) months from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the cost of the claimant, and if not filed at least thirty (30) days before final settlement of the estate, it shall be barred . . . ."

It is to be noted that the term "final settlement" as used in the statute has been construed by the courts of this State as meaning the filing of the final report. *Heitman, Rec.,* v. *Scales* (1942), 111 Ind. App. 68, 38 N. E. (2d) 890; *Beasley's Estate* v. *Rauch, Rec.* (1937), 104 Ind. App. 312, 11 N. E. (2d) 60.

Section 2 of the same act, § 6-1401, Burns' 1933, provides:

"After six (6) months *from the date of giving of notice* by such executor or administrator of his appointment every executor may, with the consent of the court

in which such estate is pending, and at the end of *one year from the date of such letters . . . shall* file in such court his final account." (Italics ours.)

It is plainly apparent, therefore, that appellee, in the instant case, was under a legal obligation to file her final report on February 20, 1943, which was the end of the year next ensuing from the date of her letters of administration, unless excused for cause by the court below. Appellee filed her final report on March 26, 1943, and, since the question has not been raised here we may assume she was excused for cause for the delay in filing.

Appellant, therefore, so far as his first contention is concerned, was clearly outside the time limitation within which his claim could have been properly filed and considered since he did not file same within thirty days before the filing of the final report as provided by statute. Claims against an estate cannot be enforced except in the manner provided by the statute. *Beckelhimer v. Babcock* (1929), 88 Ind. App. 493, 164 N. E. 635. Unless a claim has been filed thirty days before final settlement, which means thirty days before the filing of the final report as provided by statute, the claimant has no standing as a creditor of the estate and his claim is barred. *In re: Wainwright's Estate* (1941), 109 Ind. App. 214, 34 N. E. (2d) 164; *Beasley's Estate v. Rauch, Rec.* (1937), 104 Ind. App. 312, 11 N. E. (2d) 60; *Heitman, Rec. v. Scales* (1942), 111 Ind. App. 68, 38 N. E. (2d) 890.

Appellant's position with respect to other propositions is untenable by reason of the fact that, having lost his status as a creditor of the estate, he had not thereafter such an interest therein as would entitle him to raise objections to appellee's final

report. *Johnston, Admx. v. Wabash Valley Trust Co., Admr.* (1928), 87 Ind. App. 288, 161 N. E. 685. Affirmed.

NOTE.—Reported in 51 N. E. (2d) 889.