Roberts v. Spencer, Executor.

No. 12,944.

ROBERTS v. SPENCER, EXECUTOR.

DECEDENTS' ESTATES.—*Statute Construed.*—The phrase "final settlement of the estate," as used in the last sentence of section 2310, R. S. 1881, and in section 5 of the act of March 7th, 1883 (Acts 1883, p. 154), means the filing of the account of the executor or administrator for final settlement, and claims not filed thirty days before such filing, at a time and in the manner authorized by law, will be barred.

SAME.—*Claim.*—*Showing of Excuse for not Filing.*—For facts held to be insufficient to excuse a claimant for not filing his claim against an estate, so as to relieve him from the provisions of the statute under which such claim is barred, see opinion.

From the Henry Circuit Court.

*C. L. Henry* and *H. C. Ryan*, for appellant.

*J. Brown* and *W. A. Brown*, for appellee.

NIBLACK, J.—The proceedings appealed from in this case were based upon a claim filed by James L. Roberts against the estate of James W. Thornton, deceased, of which Anderson Spencer was the executor.

The complaint stated that prior to the 9th day of June, 1881, one Emma McGee, the divorced wife of the claimant, Roberts, was the owner in fee simple of a particularly described forty-acre tract of land in Madison county in this State; that he, Roberts, was desirous of purchasing said tract of land, but that he and the said Emma not being on friendly terms, she would not sell the same to him; that the said Roberts and Thornton, the decedent, who was the uncle of the former, and anxious to assist him in obtaining the land, entered into a parol agreement, whereby the said Thornton agreed that if he, the said Roberts, would furnish the money necessary for that purpose, the said Thornton would purchase the land, taking the title in his own name, and hold the land until such time as might be convenient to convey it to the

said Roberts; that the said Thornton thereupon purchased the land of the said Emma, and that he, Roberts, furnished the purchase-money used in payment for it; that, in pursuance of the terms of his purchase, the said Emma conveyed the land to him, the said Thornton, on the said 9th day of June, 1881; that the said Thornton afterwards, while still in life, contracted and sold said tract of land, in disregard of his said parol agreement, to one Phebe Poor for the sum of $1,200; that of said amount of purchase-money, agreed to be paid by the said Phebe Poor, the said Thornton received, in his lifetime, the sum of $800, and that since his death the remaining $400 was paid to his estate; that the widow and children of the said Thornton have, since the payment of the purchase-money, conveyed said tract of land to the said Phebe Poor; that the claimant, Roberts, had never received from the said Thornton, or from his estate, any part of the amount of purchase-money so paid by the said Phebe Poor.

Spencer answered that in the year 1882 letters of administration on the estate of the said Thornton, with the will annexed, were issued to him, of which notice was duly given, stating the particular manner in which such notice had been proclaimed; that he, the said Spencer, thereafter made annual reports of the condition of the estate in his hands as such administrator; that, on the 6th day of January, 1886, he made out and filed in the office of the clerk of the Henry Circuit Court his account for final settlement of the estate; that the clerk fixed the first day of the ensuing February term of the said court for the submission and hearing of said final account, of which notice was given as required by law; that the claim herein presented was filed on the 26th day of January, 1886, and not prior thereto; that prior to the making and filing of said account for final settlement he, the said Spencer, had collected all the assets belonging to the estate, and had paid the same all out on debts filed and proven against said estate, so that nothing then remained in his

hands for the payment of any other debt or claim. Wherefore it was alleged that the claim of the said Roberts was barred, and ought not to be allowed, and that said final settlement ought to be confirmed and the administrator discharged, notwithstanding the filing of such claim.

A demurrer to this paragraph of answer being first overruled, Roberts replied in three paragraphs, the first being in denial, and the second and third setting up special matter in avoidance. Demurrers were sustained to the second and third paragraphs of the reply, whereupon Roberts withdrew the first paragraph, and, standing upon his demurrer to the answer, declined to reply further. Final judgment against him for want of a reply then followed.

Section 2259, R. S. 1881, provides that every executor or administrator shall, within thirty days after his appointment, give notice that he has been so appointed, by publication three weeks successively in a newspaper having suitable relations to the proper county. Section 2310 further provides for the manner in which claims shall be filed against an estate, concluding with the declaration that "If such claim be filed after the expiration of one year from the giving of notice by the executor or administrator of his appointment, it shall be prosecuted solely at the costs of the claimant; and if not filed at least thirty days before the final settlement of the estate, it shall be barred, except as hereinafter provided, in the case of heirs, devisees, and legatees."

The 23d section of the act of March 7th, 1883, Acts of 1883, 160, which has reference to accounts which executors and administrators are required, from time to time, to file, still further provides: "Upon the filing of such account, the clerk shall fix a day, in term, by endorsement on the account, not less than three weeks from the date of filing, when the account will be heard; and if the account is for final settlement, * * * said executor or administrator shall give notice to all persons interested in said estate to appear in court on such day and show cause why such account

should not be approved, which notice shall be given by publication in some weekly newspaper of general circulation, published in the county in which the administration is pending, and by posting at the court-house door for two successive weeks." Section 24 of the same act directs that, on the day so fixed, the court shall proceed to hear said account, and, if it be found correct, to approve the same.

The question presented upon the sufficiency of the answer in this case is, whether upon the facts averred the claim of Roberts is barred under the concluding provision of section 2310 hereinabove set out.

The proper decision of that question depends upon the construction which ought to be given to the phrase "the final settlement of the estate," as used in that provision. The term "final settlement," as applied to the administration of an estate, is usually understood to have reference to the order of court approving the account which closes the business of the estate, and which finally discharges the executor or administrator from the duties of his trust, and ought generally to be so construed when there is nothing in the context justifying or requiring a different construction. *Parsons* v. *Milford*, 67 Ind. 489. But we regard the phrase in question, in the connection in which it is used, as implying more than the mere order of the court declaring the estate to be finally settled. When the court makes an order approving an account submitted for final settlement, it, in the absence of some other specific direction, relates back to the time the account was filed, and gives force and effect to the account from the date of its filing. Therefore, when an executor or administrator has, after the expiration of the proper period of time, filed his account for final settlement, the estate is, in a limited and conditional sense, finally settled. The only condition, in such a case, is that the account shall be found to contain a full and correct exposition of the condition of the estate at the time it was filed, and to show that the business of the estate has been apparently com-

pleted. The filing of the final account is the commence-
ment of proceedings for final settlement, and the intervening
death of the executor or administrator does not necessarily
abate the proceedings thus instituted, which, when consum-
mated, thus become an entirety. Having in view the evi-
dent purpose which moved the Legislature to enact section
2310, from which we have quoted, we construe so much of
that section as is connected with the phrase under considera-
tion to mean, that if a claim is not filed thirty days before
*the account for final settlement is presented*, at a time and in
the manner authorized by law, it shall be barred. Any
other construction might result in an unreasonable procrasti-
nation in the final settlement of an estate by the presenta-
tion and allowance of claims after the assets are exhausted
and the final account is filed, thus compelling either a with-
drawal or the rejection of such final account and a readjust-
ment of, or a deficiency in, the assets of the estate, to the
possible great injury of the executor or administrator, as
well as of others. Spencer's answer, consequently, pre-
sented a good defence in bar of the claim.

The second paragraph of the reply charged that the per-
sonal representatives of Thornton, the decedent, fraudulently
concealed the claimant's cause of action until the 16th day
of November, 1885; that on that day the claimant, acting
through his attorneys, wrote to the widow of the decedent,
requesting a settlement of his claim; that some time there-
after an attorney for the estate, who resided at New Castle,
in Henry county, visited the claimant's attorneys, who re-
sided at Anderson, in Madison county, and begged them not
to file the claim against the estate, on the ground that such
a proceeding would cause needless trouble and expense, and
that the claim could in some way be better compromised and
amicably adjusted; that said attorney for the estate also in-
sisted that the attorneys for the claimant, instead of filing
the claim against the estate, should visit the personal rep-
resentatives of the decedent at New Castle and first see if

some amicable arrangement could not be made for the payment or satisfaction of the claim, which the last named attorneys agreed to do ; that by reason of said agreement the filing of said claim was postponed ; that when said agreement was made said attorneys for the claimant were otherwise professionally engaged, and that said professional engagement continued for several weeks thereafter; that, in the mean time, they received notice of the filing of the account for final settlement of the estate ; that they thereupon at once proceeded to file the claim as stated in the answer; that by reason of the premises the said Spencer, as executor of the estate, was estopped from asserting that the claim was not filed in time to entitle it to be heard upon its merits.

The cause of action having been discovered at so late a period after the death of the decedent, reasonable diligence required that the claimant should have filed his claim against the estate at the earliest moment practicable after the discovery of its existence.

A mere previous professional engagement on the part of his attorneys did not excuse the claimant for not promptly looking after and filing his claim, if he intended to rely upon his strictly legal rights. The court did not, therefore, err in sustaining a demurrer to this paragraph of the reply.

The third paragraph of the reply only presented in an inverse form the same question raised by the answer. There was, consequently, no error in also holding that paragraph to be insufficient upon demurrer.

The judgment is affirmed, with costs.

**Filed** Oct. 11, 1887.