(23 App. Div. 144.)

MORRIS v. BARRITT.

(Supreme Court, Appellate Division, Second Department. December 21, 1897.)

RESCISSION OF CONTRACT—EVIDENCE TO SHOW.

Plaintiff and defendant entered into an agreement whereby the former
was to perform legal services for the latter as she should require, and in
consideration thereof she agreed to make him her residuary legatee. The
will was executed accordingly. Thereafter defendant notified plaintiff

that she would no longer require his services, and requested a bill for services rendered. In an action thereafter brought upon a quantum meruit, on the theory that the contract had been canceled, *held*, that the facts failed to show any cancellation or repudiation of the contract on defendant's part.

Action by John P. Morris against Frances E. Barritt. Motion by plaintiff for a new trial on exceptions ordered to be heard at the appellate division. Exceptions overruled.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William S. Cogswell, for appellant.
Herbert T. Ketcham, for respondent.

HATCH, J. The parties to this action entered into a contract whereby the plaintiff was to perform legal services for the defendant as she should require, and make no charge therefor, and in consideration of such service the defendant agreed to make the plaintiff the residuary legatee of her estate. This agreement was consummated. The plaintiff drew the defendant's will in accordance with her directions, and after certain specific bequests to different persons the plaintiff was named as the sole residuary legatee. This will the defendant executed in due form. Subsequently a codicil was added to the will, the effect of which was to increase the residuary estate. It was drawn by the plaintiff at the instance of the defendant, and was by her duly executed. So far as is disclosed by the bill of exceptions, the will was in force until defendant's remarriage. But this fact cannot affect the question, as the action was commenced before this event happened. It is not suggested but that the arrangement constituted a valid, binding contract between the parties; and we see no reason why it may not be sustained as such, assuming that the parties dealt upon equal terms, and in fidelity to the relation which existed between them. The action, however, is not to enforce the contract, or for damages arising out of its breach. It is brought upon a quantum meruit, to recover for the value of the services rendered under it, or which became subject to its terms. The theory of the action is that the contract has been canceled by the mutual act of the parties, and that thereby the plaintiff has become remitted to a recovery for the services rendered upon the basis of reasonable value. The ground upon which a remission is claimed rests upon the act of the defendant in notifying the plaintiff that she would no longer require his services, and requesting him to send a bill for the amount of the services rendered. We are not able to see that there is such inconsistency between this step and the continued existence of the contract that the latter may not stand as the subsisting engagement of the parties. It may be assumed that the defendant had concluded that she did not wish the plaintiff to perform any more service for her; but of this the plaintiff could not complain, if she was still willing to allow the will to remain of force. Indeed, it would be to his advantage, for he would then have completely performed his part of the contract. If she chose to employ others to perform services for her, the plaintiff could not complain, so long as she stood ready to fulfill her contract

with him, and did not impair its value.    The case is destitute of proof
to show that she had canceled, or contemplated canceling, her will,
or had threatened so to do, or that she had in any manner changed
the will, or contemplated so doing.    It does not appear that she re-
quires any further legal service, or will require any.    She simply
says, "I do not wish you to perform any further service."    But this
is not the equivalent of saying that she cancels her contract, or that
she will not compensate him for what he has done, in the manner con-
tracted.    The same observations apply to a request for the amount
of the bill.    It may be assumed, in ordinary course of dealing, that,
when a debtor asks his creditor for a bill, it furnishes some evidence
of an intent to pay the same.    But, when a particular method of pay-
ment has previously been agreed upon, it would scarcely furnish evi-
dence of an intent to depart from the prescribed method, unless it
should be wholly inconsistent therewith.    This contract is novel and
peculiar,—one in which a disagreement or dissatisfaction of the party
making the will furnishes strong ground for a suspicion that the
method of compensation will be disregarded, especially if the stipu-
lated amount be disproportioned to the value of the service.    But
such suspicion cannot be said to amount to proof that the contract
has been canceled.    There was no suggestion that the defendant would
pay the bill upon rendition, or that she wished so to do.    We may
conjecture many reasons why she might wish to see the bill, or the
value which the plaintiff placed upon the service, and yet not impute
a violation and rescission of the contract.    The fact that she did not
pay the bill when rendered, and denies the averments of plaintiff's
complaint, is quite consistent with the claim that the contract is in
force, and it certainly destroys any inference which might arise out of
the request for the bill that she intended to rescind the contract, and
discharge the bill by payment, instead of through the medium of the
will.    In no view, therefore, does it appear that the contract has
been rescinded, in consequence of which the plaintiff has failed to.
make out his cause of action.    It is quite true that the parties may,
by mutual stipulation, rescind this contract, and the defendant there-
by furnish a sound basis for a recovery of the value of the service up-
on quantum meruit.    But the proof in this case fails of establishing
mutual rescission of the contract.    On the contrary, the proof is con-
sistent with the continued existence of it;  and until that is ex-
tinguished it furnishes the measure of plaintiff's right, and prevents
the maintenance of this action.

The exceptions should therefore be overruled, and judgment di-
rected for defendant on the dismissal of the complaint, with costs.
All concur.