Doddridge, Ex., *v.* Doddridge.

## DODDRIDGE, EXECUTOR, *v.* DODDRIDGE.

[No. 3,045. Filed February 1, 1900.]

DECEDENTS' ESTATES.— *Claims.—Former Adjudication.* — Decedent agreed in writing to convey certain real estate to plaintiff in consideration that she would remain with him as housekeeper, and if he did not execute a conveyance during his lifetime, then the obligation to be binding upon his heirs, executors and administrators. Decedent died, leaving a will disposing of the real estate and not making any provision for conveying such real estate. The heirs brought suit to quiet title to the real estate and plaintiff filed her disclaimer of any interest therein, and judgment was rendered confirming title thereto in the heirs. *Held,* that such proceeding did not amount to an adjudication of plaintiff's claim for breach of the contract and estop her from afterward asserting her claim against the estate.

From the Wayne Circuit Court. *Affirmed.*

*J. F. Robbins* and *T. J. Study,* for appellant.

*R. A. Jackson* and *H. C. Starr,* for appellee.

ROBINSON, J.—Appellee's claim avers that in 1892 Isaac Doddridge executed to her a written agreement, whereby he agreed, in consideration that appellee would remain with him as his housekeeper, as she was then doing, for and during his natural life (she to receive, in addition, her usual wages), to give and cause to be conveyed to her certain described real estate; and that if he did not execute a conveyance in his lifetime, then the obligation to be binding upon his heirs, executors, and administrators; that she fully performed all the terms of the contract; that, in 1897, the land not having been conveyed to her, Isaac Doddridge died, leaving a will, which was duly probated, whereby he devised all of his estate, including the above lands, to his children and heirs at law; that no provision was made in the will,

or otherwise, for conveying the real estate to appellee, and that it has not been conveyed to her by his heirs, executors, or administrators; but she avers that the heirs and executors, having full knowledge of the contract, and being the owners of the real estate under the will, denied before the filing of this claim, and deny, that she has any claim to the land or any claim against the estate, and did on January 21, 1898, file their complaint in the Wayne Circuit Court in a certain cause wherein this appellee was, with others, a defendant, and averred therein that they were the owners in fee of the land, and denied that appellee had any interest therein; to which complaint appellee "appeared and filed her disclaimer of any interest in the said real estate, and that thereupon such proceedings were had that judgment was rendered in said cause quieting and confirming the title in said real estate in the said heirs"; that the land is of the reasonable value of $5,000, which sum, by reason of the above facts is due and owing her, with interest. The claim was verified. A trial by jury resulted in a verdict and judgment in appellee's favor for $2,509.10. The only question argued is the sufficiency of the claim as against a demurrer for want of facts.

It is quite true that one party can no more rescind a contract than he alone can make one, and that mutual consent to a rescission may be shown by acts and conduct as well as by express agreement. *Gwynne v. Ramsey*, 92 Ind. 414; *Dotson v. Bailey*, 76 Ind. 434; *Dantzeiser v. Cook*, 40 Ind. 65. And, while the intention to waive a right may be shown by acts or conduct, yet such intention must be shown by language or conduct, and can not be established by inference or conjecture. If there is no obligation resting upon the party at the time to speak, his mere silence will not imply a waiver. *Texas, etc., R. Co. v. Rust*, 19 Fed. 239.

The facts averred show a repudiation of the contract by the heirs and devisees of Isaac Doddridge, and appellant's

counsel insist that this repudiation was assented to by appellee when she appeared to the suit to quiet title and disclaimed any interest in the real estate. Upon the filing of the suit to quiet title by the heirs and devisees of the decedent, appellee had then the right to ask a decree for a specific performance of the contract made by the decedent, or she might sue for damages accruing from a breach of contract, or she might treat the contract as abandoned and sue for the value of her services. *Roehl* v. *Haumesser*, 114 Ind. 311. When she filed a disclaimer of any interest in the land, she was thereafter precluded from asking a decree for specific performance. Appellant's counsel concede that appellee, after the disclaimer, might sue for wages earned on account of the rescinded agreement; so that the single question left is whether she could, after the disclaimer, file a claim for a breach of the contract, and ask for the value of the land as damages. The filing of the suit to quiet title gave appellee the right to select her remedy. This she could do, and prosecute it without any demand. *Walker* v. *Heller*, 104 Ind. 327; *Armacost* v. *Lindley*, 116 Ind. 295.

The controversy in the suit to quiet title was between the heirs and devisees of the decedent and appellee. The controversy here is between the estate of the decedent and appellee. In the suit to quiet title, appellee could elect to abandon the land, but she could not elect to rely upon a claim for damages for breach of the contract. Her claim for such damages was not against the plaintiffs in that action, but against the estate of the decedent. The statute provides the only method of enforcing claims against a decedent's estate. §2465 Burns 1894, §2310 Horner, 1897. Appellee's claim for damages was against the estate, but she could not, by means of any cross-complaint, bring the executor into court in that suit, and determine the matter then; nor was she permitted to tender any issue under which she might prove her claim. *Puterbaugh* v. *Puterbaugh*, 7 Ind. App. 280. The question she now presents was not only

not adjudicated in the suit to quiet title, but it could not be adjudicated in that action. As the question could not have been litigated, she could not be concluded by such adjudication. *Stringer* v. *Adams*, 98 Ind. 539. To say that all her rights under the contract could have been determined in that suit is to say that she had only the one right to ask a specific performance of the contract. Such was not the case. She had a right to abandon the land itself, and her disclaimer did that. But this can not be held to be an abandonment of all rights under the contract. Had she filed her claim against the estate before the suit to quiet title was brought, that act of hers would have been an abandonment of the land. Such act would have been an election on her part not to look to the land. She did, by her disclaimer, afterwards elect not to look to the land, but she did not in that action try to enforce her rights under the contract, because the statute would not permit it.

It is true that a person may not take contradictory positions, and, after he has taken one that is necessarily inconsistent with and a repudiation of the other, thereafter elect again. But the filing of a disclaimer of any interest in the land is not necessarily inconsistent with the act of filing the claim against the estate for damages for breach of the contract. The choosing of the disclaimer was not necessarily a repudiation of the contract. In her claim for damages against the estate the land is looked to only for the purpose of measuring the damages. Where a party has his choice to sue to rescind a contract, or to sue for damages for fraud in procuring the contract, if he sue for damages he can not afterwards sue to rescind, although the first action was abandoned before judgment; but, if he first sues for a rescission he has only made a choice of remedies, and the abandonment of such suit before judgment is not inconsistent with the continued subsistence of the contract, or a subsequent suit affirming such contract. *Cohoon* v. *Fisher*, 146 Ind. 583;

*McCoy* v. *Stockman*, 146 Ind. 668. See, also, *Morris* v. *Barritt*, 48 N. Y. Supp. 898; *Colvin* v. *Shaw*, 29 N. Y. Supp. 644.

In *Graves* v. *White*, 87 N. Y. 463, cited by counsel, the defendant, in an action of ejectment, relied upon a written agreement between his grantor and plaintiff for an exchange of lands. This agreement the defendant himself, before suit, had repudiated, and claimed to own both parcels covered by the proposed exchange. It was held that the defendant had lost all claim to enforce specific performance, or to rely upon the agreement as a defense, to his possession.

In the case at bar, when the suit to quiet title was filed, appellee was powerless to present any pleading in that action under which she could be heard as to her right to elect to claim damages for a breach of the contract which accrued to her when that action was brought. Under either a general denial or a cross-complaint, it could be said she claimed the land. Now, if the disclaimer amounted to a rescission, she was denied the right to make any election, except that she would look only to the land. It is true that a contract cannot be affirmed in part, and rejected in part, and that it must be totally repudiated, or not repudiated at all. But the pleading does not show that the parties sought to quiet their title by having this contract set aside, and that she disclaimed any rights under the contract. Her disclaimer was not a consent to the rescission of the contract, and can not be so construed. And we can not hold that by abandoning one remedy in a suit against her, in which she was powerless to assert another which she then had, estops her from afterwards asserting the latter. Appellant's counsel cite no authority, and we know of none, permitting appellee in the suit to quiet title to litigate her claim against the estate for breach of the contract. Judgment affirmed.

Comstock, J., took no part in this decision.