BAKER *v.* HAPP ET AL.

[No. 17,218.   Filed April 14, 1944.]

*Arnold, Degnan, Goheen & Zimmerman,* of South Bend, for appellant.

*Lewis W. Hammond,* of South Bend, for appellees.

ROYSE, P. J.—This is an appeal from the order of the St. Joseph Circuit Court approving the final report of Robert G. Happ, executor of the last will of William Happ, deceased.

William Happ died testate on the 4th day of January, 1942. On the 14th day of January, 1942, Robert G. Happ, decedent's son, qualified as executor under the terms of decedent's will. On February 2, 1942, the executor filed the following petition in the St. Joseph Circuit Court:

"PETITION No. 3.

"Comes now Robert G. Happ, executor in the above entitled estate, and respectfully shows to the Court that on the 12th day of March, 1927, the deceased was the owner in fee simple of the following described property, to-wit: (Here follows description of the real estate) ;

"That upon said day said property was sold to Pedro A. De Landero by land contract for the total

price of thirteen hundred fifty ($1350.00) Dollars (the record shows this figure, but by stipulation it is shown this was a typographical error and the sale price is $13,800.00), at the rate of one hundred fifty ($150.00) Dollars per month; that subsequently thereafter, to-wit: on the third day of March, 1928, the said William Happ did transfer, sell, convey and assign all of his interest in and to said property and said land contract for a valuable consideration to one James B. Baker, of South Bend, Indiana, and said deceased did thereupon guarantee the full performance of all the terms and conditions of said contract to the said James B. Baker.

"However, the purchaser under said land contract did make default thereon, and a demand was made by the said James B. Baker on the said William Happ to perform the conditions of said contract, and in accordance therewith, on the 2nd day of December, 1938, the said William Happ and the said James B. Baker entered into a contract whereby William Happ agreed to repurchase said real estate from the said James B. Baker under said contract but on modified terms; that thereafter both parties entered into the performance of said modified contract and have ever since performed, and under the terms thereof it was the obligation of the said William Happ to pay to the said James B. Baker the sum of One Hundred ($100.00) Dollars per month; that if said payments are not continued and made said contract will be defaulted and the equity and interest of this estate in said property will be forfeited.

"WHEREFORE, your Executor respectfully prays that the court enter an order herein authorizing and instructing Robert G. Happ, as executor, to pay to the said James B. Baker upon said contract the sum of one hundred ($100.00) dollars per month, and to perform as Executor for the estate all of the duties and obligations required under said contract as modified to be performed, and for all further and proper relief."

On the same day the court made and entered the following order:

> "Petition No. 3 of Robert G. Happ, Executor in the above entitled estate, having been presented to the Court, and the Court being duly advised in the premises, and having heard the evidence thereon, finds all of the allegations contained in said petition are true and proven, and that it is for the best interests of said estate and the heirs, legatees, and devisees under the will *that said land contract referred to in said petition No. 3 (H. I.) should be performed.*
>
> "THEREFORE, it is ordered, adjudged and decreed that the Executor make monthly payments under said contract out of the funds of said estate as they shall accrue, *and to make any and all other payments of money as called for by the terms and conditions of said contract as modified* until the further order of this court."    (Our italics.)

Subsequently, on the 4th day of May, 1942, said executor in his Schedule for Inheritance Tax Appraisement claimed a deduction of $9,865.53, as the balance due on the contract. In the final report filed by the executor he charges himself with $900 as rent collected on said property between January 5, 1942, and March 5, 1943, and claims a credit of $1500 for payments made on said contract between January 16, 1942, and March 9, 1943.

The appellant's exceptions to the executor's final report are, in substance, as follows: Appellant adopts said Petition No. 3 as part of the exceptions of appellant; that pursuant to the order of court made on said petition the executor made the payments hereinbefore referred to; that after the application of all payments made since the execution of the contract, there was owing appellant on said contract, including interest, the sum of $9054.67, which is not due but is payable at the

rate of $100 per month; that "pursuant to Section 60 of 1881 (Sec. 6-810, Burns' 1933) et seq., the said executor was obliged to, and did report to the court that it was more advantageous to the persons interested in said estate not to sell the interest of said estate in said contract and land, but to pay and discharge the same from personal assets of the estate. And this court so determined and ordered, and a continuing obligation is upon said executor until such order is modified or rescinded, and this exceptor had the right to rely thereon."; that "said order stands unmodified and in full force and virtue"; that "on the 29th day of March, 1943, the executor filed herein what purported to be his final report, in which he recites that 'he has paid all . . . claims and legacies . . . and expenses of administration. That there are no claims filed and pending against said estate' without in said report making any mention of the said effective order entered on executor's petition No. 3, and its non-fulfillment on payments not yet due, and purports thereby to make distribution of the balance in the hands of the executor, to the amount of Nineteen Thousand Five Hundred Fourteen ($19514.82) & 82/100 Dollars, far in excess of what is necessary to pay and discharge the obligation owing by the said executor and the said estate unto this exceptor"; that appellant is ready, willing and able to make conveyance to the executor or devisees whenever the balance of the purchase price is paid, as provided by said contract.

Subsequently the appellees jointly and severally moved to strike out appellant's exceptions. The reasons assigned as to why such motion should be sustained were substantially as follows: That appellant is not a creditor of the estate. His alleged claim is based on a written contract for the sale of real estate

on which there is an unmatured balance of $9,000.00 payable in monthly installments; that appellant at no time filed a verified claim based on said contract with appellee executor; that by failing to file his claim appellant thereby elected to rely upon the security of his lien and thereby waived right to collect from the personal estate of the decedent.

The motion to strike was overruled by the trial court. After such ruling a change of venue was taken from the regular judge of the St. Joseph Circuit Court and the special judge selected thereupon sustained the aforesaid motion of appellees to strike out the exceptions of appellant, and ordered them stricken out and the final report of appellee Robert G. Happ, executor, was approved.

The assignment of errors here is:

"1. The St. Joseph Circuit Court erred in sustaining the motion of appellees to strike and ordering stricken from the record appellant's objections and exceptions to the final report of appellee Robert G. Happ, as executor.

"2. The St. Joseph Circuit Court erred in approving the final report of the appellee executor Robert G. Happ, and in discharging him from further responsibility of his trust."

The question presented by this appeal is: On the facts as herein set out, did the failure of the appellant to file a claim pursuant to § 6-1001, Burns' 1933 preclude him from holding the estate liable for the debt of the deceased on the contract for the purchase of the real estate?

Section 6-810, Burns' 1933, provides as follows:

"If any such contract was for the purchase of land, and there are payments due or to become due thereon, and the court is satisfied, upon such executor or administrator filing his petition therefor,

verified by affidavit, that it would be more to the advantage of the persons interested in such estate that the interests of the deceased therein, under such contract, should be sold than that the assets in the hands of the executor or administrator should be applied to the payment of such purchase-money, or that the assets are insufficient to pay the same, the court shall order the executor or administrator to dispose of the interest of the deceased therein at public or private sale."

The executor, by his Petition No. 3, requested the court's authority to assume all of the decedent's duties and obligations under the terms of the contract, thereby clearly indicating his determination that it would not be for the best interests of those interested in the estate that the interest of the decedent in said contract be sold pursuant to the statute. The court by its finding and order on this petition found that it was "for the best interests of said estate and the heirs, legatees, and devisees under the will that said land contract . . . should be performed.", and ordered the executor not only to make the monthly payments under said contract but also "to make any and all other payments of money as called for by the terms and conditions of said contract . . . until the further order of this court."

Appellees earnestly contend that the filing of this petition, the order of the court thereon, the subsequent acts of the executor in collecting the rents received from the real estate which is the subject of the contract, and the payment of the monthly payments due under the terms of the contract to the appellant, did not operate to relieve appellant of the duty of filing a claim if he desired or intended to hold the estate liable under the contract. They cite many authorities to the effect that one who fails to file a claim as required by the statute is not a creditor, or that the holder of secured debt against the decedent's estate has a right to elect

whether to resort to the personal estate for payment or to rely on the security of his lien; also that when the executor knew of an unmatured claim which had not been filed he was not precluded from filing a final report and it was not a fraud so to do.

The authorities cited by appellees sustain these abstract propositions, but in none of them had the executor sought, obtained and acted under an order of court directing that he pay the debt.

In construing a statute in reference to claims against decedent's estates quite analagous to § 6-1001, *supra,* the Supreme Court of Florida, in the well-reasoned case of *Marshall Lodge No. 39, A. F. & A. M.* v. *Woodson, et al.* (1939), 139 Fla. 579, 190 So. 749, held the payment of interest on a note and acknowledgement of the note as a valid claim against the estate by the executors dispensed with the necessity of filing a claim. In that case the executor did not first obtain authority of the court having probate jurisdiction to make such payments.

In the case of *Jewett, Administrator,* v. *Hurrle* (1890), 121 Ind. 404, 23 N. E. 262, our Supreme Court held that where an administrator sold personal property on which there was a chattel mortgage for a sum in excess of the amount due on the mortgage, that it was the duty of the administrator to promptly pay before settlement the amount due on the mortgage to the mortgagee, and if he failed to so do the claimant would be entitled to attorney's fees for prosecuting his claim on the note against the estate.

Just claims may be paid by an executor or administrator although not filed and allowed as required under § 6-1001, *supra. Wysong, Executor, Etc.,* v. *Nealis et al.* (1895), 13 Ind. App. 165, 41 N. E. 388; *Swift, Administrator* v. *Harley et al.*

(1898), 20 Ind. App. 614, 49 N. E. 1069. It is apparent to us that it was the legislative intent in enacting § 6-1001, *supra,* to give the representative of an estate an opportunity to investigate the merits of the claim, and if he determined it to be a just claim, to pay it promptly without the delay and expense of litigation. *Williams et al.* v. *Williams, Admr., et al.* (1940), 217 Ind. 581, 29 N. E. (2d) 557.

Where, as in the instant case, an executor or administrator is advised in any manner of the existence of a debt chargeable to his decedent's estate, and he thereupon by his verified petition shows to the court having jurisdiction thereof that under the terms of a valid contract entered into by his decedent there is a valid debt owing by the estate which he seeks authority to pay; whereupon such court orders him to pay said debt in accord with the provisions of the contract, and in pursuance to such court order he makes a partial payment on the contract to the party to whom the debt is owing, it would be repugnant to our idea of justice to permit such executor or administrator to subsequently deny further liability on the debt because the creditor had not filed a claim pursuant to the statute. Under such circumstances it appears to us that to require appellant to file a claim would be in conflict with the rule—*Lex neminem cogit ad vana seu inutilia peragenda* (The law forces no one to do vain or useless things).

The order of the St. Joseph Circuit Court directing the executor to make the payments called for in the contract was binding upon him until it had been changed by the order of that court. Until such change had been made the appellant was entitled to have the amount due him paid in full or to be secured for such payment according to the provisions of

§ 6-1006, Burns' 1933. If the filing of the final report can be construed as a petition by the executor to modify the original order, then certainly the appellant would be entitled to be heard as to the propriety of any modification which would adversely affect his interest. Under such circumstances the only method by which he could have his rights adjudicated would be by filing exceptions to the final report. This he did.

We believe the trial court erred in striking the exceptions from the file and in approving the final report filed herein.

The judgment of the St. Joseph Circuit Court is reversed, with instructions to set aside the final settlement, overrule appellees' motion to strike out the exceptions of appellant, and for further proceedings in accord with the views herein expressed.

DRAPER, J.—Dissents.

NOTE.—Reported in 54 N. E. (2d) 123.