IN RE LYLE CULBERT ROPP *v.* GLISSMAN.

[No. 20,589. Filed January 2, 1968. Rehearing denied February 1, 1968. Transfer denied March 21, 1968.]

*Sevald & Sevald,* of Hammond, for appellant.

*Albert C. Hand* and *Peters, McHie, Enslen & Hand,* of Hammond, for appellee.

FAULCONER, J.—After the death of her husband appellant-Quinlan put her money in a joint savings account with her son, appellee's decedent. Upon her son's death appellant went to the bank and learned for the first time that all of the money in the joint savings account had been withdrawn by her son prior to his death. Although an estate was opened in California with the widow of the son as executrix an estate was opened in Lake County, Indiana, since the son had title to real estate there. Margaret Glissman, decedent's sister and daughter of appellant, was made executrix of the estate in Indiana. After the sale of the real estate by appellee as executrix, about two years after the estate was opened, appellant filed in the Lake Superior Court what she designated, "Petition for Order and Authority to Pay Claim." In addition to the above facts she alleged that "immediately upon appointment of Margaret Glissman, as Executrix herein by this

[H]onorable Court, your petitioner made a claim and ·demand upon said Executrix for the payment of said ·moneys· due her, as aforesaid and that said Executrix then· acknowledged said indebtedness of Lyle Culbert Ropp, as due and owing and agreed to pay same. or as much thereof as the assets of the estate would permit or would enable her to, as soon as the real estate of the decedent herein or his interest therein, is sold and the proceeds of sale are received by the Executrix herein, without the necessity of filing of formal claim therefor, which was considered by the Executrix unnecessary, under the circumstances."

For the purpose of this opinion we deem it unnecessary to set forth a lengthy rendition of the evidence. ·Suffice to state that it shows that the appellee, as executrix, did, during the six months statutory period for filing claims, tell appellant that the debt was owed her, that it was just and would be paid when the estate received the proceeds from the sale of the real estate. There was also evidence from which the trial court could have found that, in reliance upon this information, the appellant did not file a formal claim prior to the petition referred to above. There is no dispute regarding the fact that no written claim was filed nor was the claim paid during the six months' period after the appointment of the executrix and publication of notice thereof to creditors as provided by statute for such filing or payment. There is also no dispute that the petition which is the subject of this suit was filed many months after the statutory period had expired.

The court denied appellee's motion to strike and overruled appellee's demurrer. Although the record discloses no further pleadings the cause was tried by the court without a jury, and the trial court found against appellant on her petition and entered judgment that appellant "take nothing by her petition against the estate of Lyle Culbert Ropp, .. .."

Appellant's motion for new trial was overruled, and such action is assigned as error on this appeal. The only proper

specification of the motion for new trial is that the decision of the trial court is contrary to law.

The section of our Probate Code, Acts 1953, ch. 112, § 1401, p. 295, § 7-801(a), Burns' 1953 Replacement, pertinent to the issues in this appeal, provides as follows:

> "All claims against a decedent's estate, other than expense of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six (6) months after the date of the first published notice to creditors."

We are not here concerned with the 1961 amendment to the above Act, nor does it affect the provision quoted above.

In 1 Grimes, Henry's Probate Law and Practice, ch. 14, § 3, p. 440 (6th Ed. 1954), we find the following statement:

> "The Indiana statute follows the great weight of authority making the nonclaim statute an absolute bar. It would appear that the Indiana theory is that all claims against an individual are buried with him except those that are filed within the time provided by the nonclaim statutes."

Concerning that part of Acts 1953, ch. 112, § 1402, § 7-802, Burns' 1953 Replacement, pertinent to this opinion, Professor Grimes, at page 394, 1 Henry's Probate Law and Practice, ch. 13, § 1 (6th Ed. 1954), states:

> "The statute now forbids the bringing of an action in the ordinary form against an executor or administrator, either personally or in his representative capacity, on a claim due from his decedent, and all claims against a decedent's estate not filed as required by this statute, unless the claim falls within the exceptions, are barred. There is now no other method of conferring upon a court jurisdiction of such claims, except they be filed and placed by the clerk upon the appearance docket, and if not allowed they must be transferred to the issue docket for trial."

Claims against an estate can only be enforced in the manner provided by statute. *Beasley's Estate* v. *Rauch, Rec.* (1937), 104 Ind. App. 312, 318, 11 N. E. 2d 60; *Barnum* v. *Rallihan* (1916), 63 Ind. App. 349, 363, 112 N. E. 561; *Doddridge, Ex.*, v. *Doddridge* (1900), 24 Ind. App. 60, 62, 56 N. E. 112.

There are decisions of our Supreme and Appellate Courts which state or indicate that "just claims may be paid by an executor or administrator although not filed and allowed. . . ." *Baker* v. *Happ* (1944), 114 Ind. App. 591, 598, 54 N. E. 2d 123; *Swift, Administrator* v. *Harley et al.* (1898), 20 Ind. App. 614, 620, 49 N. E. 1069; *Wysong, Executor, etc.* v. *Nealis et al.* (1895), 13 Ind. App. 165, 174, 41 N. E. 388; *Chase et al.* v. *Beeson, Administrator, et al.* (1883), 92 Ind. 61, 64.

From a careful reading of these decisions we find that they were all decided under prior statutes and, in addition, can be distinguished on facts involved. In addition to the distinguishing features we are of the opinion that the law on this issue is now settled in Indiana and that a claim not filed or paid within the time and in the manner provided by the statute is barred. This was settled by the decision of this court in *Donnella, Admrx.* v. *Crady* (1963), 135 Ind. App. 60, 185 N. E. 2d 623 (Transfer denied, 191 N. E. 2d 499). In the *Donnella* case Judge Cooper stated, at pages 63, 64 of 135 Ind. App., page 625 of 185 N. E. 2d, as follows:

"The rule of waiver or estoppel has no application to a nonclaim statute. As pointed out above, the time element in a nonclaim statute is a part of the right of action itself and is not a defense. Such statutes are not extended by the disability, fraud or misconduct of the parties. The time to act cannot be waived by the parties or lengthened by the court. Unless the claim is filed or the action thereon brought within the time prescribed by said statute, any right of action then existing becomes unenforceable and the claim or action is forever barred."

In the *Donnella* case the appellee contended that a fraud was perpetrated upon the attorneys for appellee by the attorney for the personal representative in that the claim had been forwarded to the attorney for the personal representative of decedent within the statutory period upon the representation that the attorney for the personal representative would immediately file said claim. In holding that even if true such promise could not bind the estate and the breach of such promise could not extend the time for filing the claim, this court further stated at pages 64-65 of 135 Ind. App., page 625 of 185 N. E. 2d, as follows:

"As heretofore pointed out, the applicable statute is a non-claim statute and not a statute of limitation and cannot under any circumstances be extended beyond the time specified in the statute." See also: *Roberts* v. *Spencer, Executor* (1887), 112 Ind. 85, 90, 13 N. E. 129.

There is some contention by appellant that this claim was "allowed" by the actions and statements of the executrix to appellant and, therefore, can be paid pursuant to Acts 1953, ch. 112, § 1419, § 7-819 (c), Burns' 1953 Repl. In our opinion this section permits the personal representative to pay, upon the expiration of six months after the date of the first published notice to creditors, only those claims which have theretofore been allowed *in accordance with the provisions of this code.*

Acts 1953, ch. 112, § 1410, § 7-810, Burns' 1953 Repl., provides the method by which the personal representatives shall allow, or disallow, claims. No provision is made for oral allowance or disallowance. We are not here concerned with the paying of claims within the six months' period where none was filed. It is our opinion that the methods for filing and paying claims, as well as allowing and disallowing claims, provided by our Probate Code are exclusive and must be followed.

"Since the statute requires that the clerk keep a record showing the filing of all claims against estates and of the allowance or disallowance of the same, and requires that the action of the executor or administrator in allowing or disallowing all claims be in writing, we hold that the allowance of a claim must be proven by the record, and that when the record does not show an allowance that the intention of the administrator to allow the claim cannot be proven by oral testimony." *Price* v. *Engle* (1922), 77 Ind. App. 439, 447, 133 N. E. 755.

No question has been presented to us concerning appellant's legal right to the money alleged to be due her or the manner she has chosen to recover it. Although appellee filed a motion to strike appellant's petition as improper the overruling of such motion is not an issue in this appeal.

We are of the opinion that the judgment of the trial court should be affirmed.

Judgment affirmed.

Carson, C. J. and Cooper, J., concur.

Prime, J., dissents with opinion.

### DISSENTING OPINION

PRIME, J.—The majority opinion states that it is unnecessary to set forth a rendition of the evidence. In my opinion it is absolutely necessary to set forth the evidence in order to arrive at an equitable result.

Lyle Culbert Ropp died January 30, 1962, a resident of the state of California. He was survived by his widow and also his mother, Blanche Eliza Quinlan, and a sister, Margaret Glissman.

On September 4, 1962, an ancillary probate proceeding was commenced in Lake County, Indiana. Margaret Glissman qualified as executrix. The first publication of notice of administration was made on September 20, 1962.

On May 1, 1964, the appellant herein, Blanche Eliza Quinlan, filed a petition for an order and Authority to Pay a Claim.

The appellant is the mother of the deceased and of the executrix.

At the time of the filing of the petition, the estate was still open and assets were in the hands of the executrix. The assets consisted of money realized from the sale of a half interest in certain real estate previously owned by the deceased as a tenant in common with his wife. This was the only asset in the estate and the sale was made after petition and proper order of the court. The sale was made and approved by the court December 3, 1963.

The appellant's claim, as set out in her petition, was for $8,398.00 which had been deposited in the Calumet National Bank of Hammond, Indiana in an account held by appellant and her son as joint tenants with rights of survivorship.

The son, during his lifetime, checked out all the money from that account without the knowledge of his mother. His acts were discovered after his demise.

The mother, the appellant herein, filed her petition to have the estate pay her the money which was allegedly appropriated by the son in a fraudulent manner.

The court heard and considered the matter and made the following findings and judgment.

"Although the executrix agreed with petitioner that petitioner's claim was just and ought to be paid, the executrix failed to pay said claim within the provisions of the law made and provided for the allowance and payment of claims and therefore the petitioner has failed to substantiate the allegations of her petition accordingly by a fair preponderance of the evidence and further the law is with the executrix and further the petitioner has a claim pending in the proceedings now being had in the State of California concerning an estate of decedent, Lyle Culbert Ropp. It is therefore ORDERED, ADJUDGED AND DECREED by the Court that petitioner, Blanche E. Quinlan, take nothing by her petition against the estate of Lyle Culbert Ropp, herein, with costs taxed against the said estate."

The appellant filed a motion for a new trial setting out several grounds. All but one, that the decision was contrary

to law, were argumentative. Our consideration is limited to that alleged error.

The court held that the claim of the appellant was barred by reason of Burns' Sec. 7-801, Acts 1953, Ch. 112, § 1401, P. 295.

"All claims against a decedent's estate, other than expenses of administration and claims of the United States, and of the state and any subdivision thereof, whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract or otherwise, shall be forever barred against the estate, the personal representative, the heirs, devisees and legatees of the decedent, unless filed with the court in which such estate is being administered within six [6] months after the date of the first published notice to creditors."

The appellant contends that her claim was allowed by the executrix within the six months period and thus was not barred by the statute. The appellant did not file a formal claim with the clerk. Our task here is to determine if the claim was *allowed* or whether or not the court was correct in finding that it was not *filed* and therefore barred.

The appellant, Blanche Eliza Quinlan was a widow, seventy-six years of age. She opened an account in the bank with her son, Lyle Ropp. After his death she discovered there was no money in the bank and that it had been drawn out and the account closed. There was an understanding between Mrs. Quinlan and her daughter that her claim would be paid. She did not file a claim because she was told by the executrix that she would be paid as soon as the house was sold. The matter was discussed after Mrs. Glissman was appointed executrix. After the sale of the house she told her daughter that she did not get the money. Appellant did not understand what is meant by filing a claim, nor did she come to court to file a claim. Her daughter assured her that claim would be paid. The executrix told appellant she would give her the money as soon as she got the proceeds from the sale.

Margaret Glissman, the executrix, testified as follows:

"After the death of my brother, my mother and I went to the bank to change the account over to her name and mine or the survivor. We learned that the account was closed. I had an understanding with my mother concerning payment of the money that was withdrawn. I told her I would give her as much as I could get after other bills were paid because she had it coming. I knew it was a just debt and claim so she didn't file any claim. I didn't have any understanding about filing a formal claim against the estate. I told her that I would put her bid in later. I found out that is what you call a claim. I didn't know the law words. I received the proceeds of the sale of the house, about $5500.00, two weeks ago, but I did not pay her because Mr. Hand said I couldn't pay her. I told my mother that and that is why she filed the petition. I told her the house was sold and said: "Well, the house is sold, you can get your money.""

We believe that the uncontraverted testimony and evidence shows beyond doubt that the claim in question was *allowed* within the six months period although it was not paid because there were no assets in the estate until after the sale of real estate. This situation is then brought within the procedure set out in Burns' Annotated Statutes—Sec. 7-819 (c).

"Upon the expiration of six (6) months after the date of the first published notice to creditors and the final adjudication of all claims filed against the estate, the personal representative shall proceed to pay the claims which have theretofore been allowed against the estate in accordance with the provisions of this code, but which he has not theretofore paid."

An executrix may allow a claim against the estate of his testator, if found to be a just debt, though the claim not be made out in an itemized form, and not filed with the clerk of the court. *Lancaster, et al.* v. *Gould, et al.* (1874), 46 Ind. 397.

We are cognizant of the changes wrought in the common law by successive recodifications of probate law in Indiana. However, the ruling precedent enunciated in the Lancaster

case has not, in our opinion, been superseded or overruled by any provision extant in the current version of the Probate Code.

A claim is sufficient if it shows legal liability on the part of the estate, and indicates to its representative what he is called upon to meet with reasonable certainty. *Hull* v. *Burress* (1950), 120 Ind. App. 507, 93 N. E. 2d 213; *Logan* v. *Hite, Admr.* (1938), 214 Ind. 233, 13 N. E. 2d 702.

All that is necessary by way of a complaint is a statement containing sufficient substance to apprise the administrator or executrix of the nature of the demand. *Ayres* v. *Smith* (1948), 227 Ind. 82, 84 N. E. 2d 185.

While it is true that appellant did not file a formal claim, there is sufficient evidence to establish the issuable facts constituting the cause of action set out in her petition. *Stanley's Estate* v. *Pence* (1902), 160 Ind. 636, 66 N. E. 51; *Masters* v. *Jones*, 158 Ind. 647; *Caldwell* v. *Ulsh* (1916), 184 Ind. 725, 112 N. E. 518.

The non-claim statute has been circumvented in other cases. A valid contract entered into by the decedent creates a valid debt against the estate, even if no claim is filed, when the executor or administrator acknowledges the justness of the debt. *Baker* v. *Happ* (1943), 114 Ind. App. 591, 54 N. E. 2d 123. It was repugnant to Judge Royse's idea of justice to permit that executor to deny liability for lack of a claim; it is just as repugnant to ours.

It is our opinion that the appellant's claim was properly allowed by the executrix, and that its adjudication is not barred by operation of the non-claim statute. This finding is not in conflict with the resolution of *Donella, Admx.* v. *Crady* (1963), 135 Ind. App. 60, 185 N. E. 2d 623. In that case, the claim was originally filed after the six month period had elapsed. The instant holding is that a claim allowed before the expiration of six months may meet the statutory filing requirements. A claim may be technically filed even though

the only action taken upon it is a verbal allowance and recognition of its justness. To deny this claim would be to strip away all vestiges of fairness.

Here we have an elderly peron who is practically blind being told by her own daughter, the executrix, that the claim was allowed and would be paid. To say that she could not rely on this statement and had to perform the mechanical function of "filing" in the office of the clerk is to deviate from settled principles of law.

To serve the cause of justice this case should be reversed.

NOTE.—Reported in 232 N. E. 2d 384.