**ESTATE OF Bessie L. THOMPSON, Deceased, Terrence R. Moses, Executor, Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 80–2244.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 17, 1981.

Decided Sept. 15, 1983.*

Opinion April 3, 1984.

---

* This appeal was originally decided by an unpublished order 720 F.2d 681, on September 15, 1983 pursuant to Circuit Rule 35. The court has subsequently decided to issue that decision as an opinion.

Lester N. Bergum, Jr., Frankfort, Ind., Lawrence A. Jegen, III, Indianapolis, Ind., for petitioner-appellant.

Helen M. Marinak, Tax Division, Dept. of Justice, Washington, D.C., for respondent-appellee.

Before SPRECHER, Circuit Judge,** SWYGERT, Senior Circuit Judge, and MARSHALL, District Judge.***

PER CURIAM.

This is an appeal by the Estate of Bessie L. Thompson from a decision of the United States Tax Court sustaining the Commissioner of Internal Revenue's assessment of an estate tax deficiency of $12,724.07. The Tax Court agreed with the Commissioner that $50,000 which petitioner reported on its federal estate tax return as a claim against the estate, was not deductible under § 2053(a)(3) of the Internal Revenue Code of 1954, 26 U.S.C. § 2053(a)(3). We have jurisdiction under 26 U.S.C. § 7482(a). The decision of the Tax Court is reversed.

The facts are uncontroverted. They were adduced in the Tax Court by way of a stipulation, agreed exhibits and uncontroverted testimony.

On May 28, 1974 Bessie L. Thompson borrowed $50,000 from the Clinton County Bank and Trust Company of Frankfort, Indiana, executing a promissory note in the principal amount of $50,000 with annual interest at 8½% due May 28, 1975.

Bessie L. Thompson died testate in June 1974, a resident of Frankfort, Clinton County, Indiana. Terrence R. Moses, her grandson, was appointed executor of her estate. Her will was admitted to probate in the Circuit Court of Clinton County on September 4, 1974. Notice to creditors was first published pursuant to Indiana law on September 18. On March 17, 1975 the executor filed a United States estate tax return with the Internal Revenue Service in which the $50,000 note was listed as a deductible claim against the estate.

At the time of Thompson's death the estate did not have sufficient cash to pay

---

** The late Judge Robert A. Sprecher heard oral argument in this case, participated in the post argument conference and agreed with the decision announced in this opinion.

*** The Honorable Prentice H. Marshall, United States District Judge for the Northern District of Illinois, is sitting by designation.

either the $50,000 note or its federal estate tax. Consequently, some time prior to March 7, 1975, the executor and a representative of the Clinton County Bank discussed the handling of the $50,000 note and the cash needs of the estate. It was agreed that the interest accruing on the note would be added to the principal, that the bank would loan the estate an additional $10,000, and that when the note matured the estate would execute a renewal note in the amount of $50,000 plus accrued interest. On March 7, 1975, the bank loaned the estate the additional $10,000, enabling the estate to pay the estate tax due on the return filed that date.

On May 30, 1975, the estate, by the executor executed a note payable to the bank in the amount of $54,332.64 at 9% interest due May 30, 1976. The proceeds of this note were applied by the bank in full payment of the principal and accrued interest of the note which Bessie L. Thompson had executed prior to her death. In each of the next three years, the executor executed a renewal note on behalf of the estate. Each of the notes matured one year after execution and each was at 9% interest. The proceeds from each of the subsequent notes were applied in payment of the principal of the immediately preceding note. Accrued interest was paid by a check drawn on the account of the estate.

At no time did the bank file a formal claim with the Circuit Court of Clinton County with respect to the $50,000 note which Bessie L. Thompson had executed prior to her death.

On June 1, 1979 the executor and the Clinton County Bank and Trust Company jointly petitioned the Circuit Court of Clinton County for authority to satisfy an obligation of the estate. The petition, which was verified by the executor and an officer of the bank, alleged that Bessie L. Thompson had executed a $50,000 note to the bank on May 28, 1974; that the bank had not filed a claim with the court for payment of the note "but the executor orally ac-

knowledged the note as the estate's obligation prior to the six month claim filing deadline on March 18, 1975"; that on May 30, 1975 the executor had executed a renewal and replacement note in the amount of $54,332.64; and that annually thereafter renewal notes were executed. Both petitioners "acknowledge[d] and agree[d] that the said obligation which began as Note 1 [the note executed by Bessie L. Thompson on May 28, 1974], and is now in the form of Note 3 [the last renewal note], was a valid obligation of Bessie L. Thompson at the time of her death and should now be paid in full to the bank as a legal obligation of the estate, notwithstanding the bank's failure to formally file a claim." Jt.Ex. 15–O. The petition was served upon all interested parties including the District Director of Internal Revenue.

On June 27, 1979 the joint petition came on for hearing before the Circuit Court of Clinton County. No objections were made. The court found "that the note of Bessie L. Thompson dated May 28, 1974 and payable to the Clinton County Bank was a valid obligation of Bessie L. Thompson at the date of her death; the executor for the estate acknowledged and allowed the said indebtedness as an obligation of the decedent's estate prior to March 18, 1975; that the said indebtedness was renewed by the executor on behalf of the estate, with interest, on May 30, 1975; ... that the indebtedness heretofore described should now be paid by the executor as an obligation of the estate." Jt.Ex. 17–Q. Accordingly, the court directed that the then outstanding note "be paid and satisfied as a valid obligation of the decedent existing at the time of her death and properly allowed by the executor." *Id.*

On November 28, 1977 the Commissioner issued a notice of deficiency denying the deductibility of the original $50,000 note and assessing a consequent estate tax deficiency in the amount of $12,724.07. The estate sought review in the Tax Court which approved the Commissioner's deter-

mination. Both the Commissioner and the Tax Court reasoned that because the bank had not filed a claim with the Circuit Court of Clinton County within six months from the date notice of death was first given to creditors, the bank's claim was not deductible under 26 U.S.C. § 2053(a). Thus, both the Commissioner and the Tax Court in deciding the issue of deductibility took into consideration events occurring subsequent to the death of Bessie L. Thompson.

In this court, the parties have urged that this case turns on the question whether in deciding the deductibility of claims for a sum certain which are legally enforceable as of the date of the death of the decedent, the Commissioner may take into account post-death events. The Commissioner argues that he may, the estate that he may not. Compare *Propstra v. United States*, 680 F.2d 1248 (9th Cir.1982); *Russell v. United States*, 260 F.Supp. 493, 499 (N.D. Ill.1966); *Winer v. United States*, 153 F.Supp. 941 (S.D.N.Y.1957), all holding that post death events may not be considered, with *Gowetz v. Commissioner*, 320 F.2d 874 (1st Cir.1963); *Commissioner v. Estate of Shively*, 276 F.2d 372, 374 (2d Cir.1960), *Estate of Courtney*, 62 T.C. 317 (1974); *Estate of Hagman v. Commissioner*, 60 T.C. 465 (1973), *aff'd*, 492 F.2d 796 (5th Cir.1974) all holding post death events may be considered. Commentators have also expressed differing views regarding the issue. *See e.g.*, Palmquist, The Estate Tax Deductibility of Unenforced Claims Against a Decedent's Estate, 11 Gonzaga L.Rev. 707 (1976); Comment, Estate and Income Tax: Claims Against the Estate and Events Subsequent to Date of Death, 22 U.C.L.A. L.Rev. 654 (1975); Comment, Effect of Events Subsequent to the Decedent's Death on the Valuation of Claims Against His Estate Under § 2053 of the Federal Estate Tax, 1972 Ill.L.Forum 770. We recognize the importance of this issue. However, we find it unnecessary to decide it in this case, for we are of the opinion that, assuming the propriety of considering post death events, the Tax Court reached an erroneous conclusion as to the state of Indiana law, as it related to all of the post death facts in this situation.

§ 2053(a) of the Internal Revenue Code of 1954 provides,

The value of the taxable estate shall be determined by deducting from the value of the gross estate such amounts—

\* \* \* \* \* \*

(3) for claims against the estate,

\* \* \* \* \* \*

as are allowable by the laws of the jurisdiction, ... under which the estate is being administered.

Section 2053-4 of the Estate Tax Regulations, 26 C.F.R. § 20.2053-4, provides,

The amounts that may be deducted as claims against a decedent's estate are such only as represent personal obligations of the decedent existing at the time of his death ... only claims enforceable against the decedent's estate may be deducted.

Bessie L. Thompson's $50,000 note to the bank was her personal obligation which was "allowable" and "enforceable" against her estate at the time of her death. There is no suggestion that the debt evidenced by the note was anything other than a bona fide obligation of Bessie L. Thompson to the bank as a result of an arms-length transaction. But the Tax Court concluded that the obligation became non-allowable and unenforceable because the bank failed to file a claim with the Circuit Court of Clinton County pursuant to § 29-1-14-1 of the Indiana Code, which provides,

All claims against a decedent's estate ... shall be forever barred against the estate ... unless filed with the court ... within six (6) months after the date of the first published notice to creditors.

In rendering its decision the Tax Court failed to apply properly §§ 29-1-14-18 and 29-1-14-19 of the Indiana Code to the uncontroverted facts and the order of the Circuit Court of Clinton County entered June 27, 1979.

Section 29-1-14-19(b) authorizes the personal representative of a solvent estate

"[p]rior to the expiration of six (6) months after the date of the first published notice to creditors—... [to] pay any claims which he believes are just and correct, whether or not such claims have been filed.... The personal representative, following all such payments, shall include them in his next account and they shall be considered proper payments under this Code if they are approved by the court as part of said account."

Section 29–1–14–18, on the other hand, authorizes the personal representative "if it appears for the best interests of the estate, [to] compromise any claim against the estate, ... whether due or not due, absolute or contingent, liquidated or unliquidated, but if such claim is not filed such compromise must be consummated within six (6) months after the date of the first published notice to creditors. In the absence of prior authorization or subsequent approval by the court, no compromise shall bind the estate."

Thus it is clear that the formal filing of a claim by the bank within six months of notice to creditors was not sine qua non of the allowability or enforceability against the estate of Bessie L. Thompson of the note which the bank held. Other avenues were open to the bank and to the executor.

As previously noted, the estate was short of cash, and as a consequence the executor could not elect voluntarily payment under § 29–1–14–19(b). Instead, he and the bank elected to compromise Bessie L. Thompson's obligation pursuant to § 29–1–14–18. The testimony is undisputed that prior to March 7, 1975, well within the six month period for the filing of claims, the executor and the bank agreed that the bank would loan the estate an additional $10,000 and that upon maturity of Bessie L. Thompson's note, the estate would execute a renewal note, which would include the interest accrued on Bessie L. Thompson's note, all at 9% interest. On March 7, 1975, the bank loaned the estate the additional $10,-000. Thereafter, a renewal note was executed on May 30, 1975, and on June 27, 1979 the entire series of transactions were

presented to and approved by the Circuit Court of Clinton County. Absent compelling reasons to the contrary, the Tax Court should have credited these transactions and their approval by the court having jurisdiction of the administration of the decedent's estate.

The authorities relied upon by the Tax Court and the Commissioner in this court are not to the contrary. *In re the Estate of Ropp*, 142 Ind.App. 1, 232 N.E.2d 384 (1968) involved a claim made orally within the six month claims period to which the executrix replied with an oral promise to pay. The oral promise was subsequently repudiated and the Appellate Court of Indiana held it unenforceable under the non-claim statute. *Donella v. Crady*, 135 Ind. App. 60, 185 N.E.2d 623 (1962), *trans. den.*, 244 Ind. 205, 191 N.E.2d 499 (1963), involved a promise by counsel for the executrix to file a claim for the claimant which was not performed. Again the Appellate Court held the claim barred under the non-claim statute.

But neither of those cases in this case. Here, the estate, unable to pay the obligation of its decedent for want of adequate cash, proposed, within the six month claim period, a renewal of the obligation at a later date and the immediate loan of additional funds from the bank to the estate which was done prior to the expiration of the six month claim period. The estate's obligation has never been repudiated nor objected to by any interested person. Thus, no person has taken advantage of the final sentence of § 29–1–14–18 of the Indiana Code, which authorizes compromises but provides, "[i]n the absence of prior authorization or subsequent approval by the court, no compromise shall bind the estate." To the contrary, all interested persons, including the District Director, were notified of the presentation on June 1, 1979 of the joint petition of the executor and the bank to the Circuit Court of Clinton County seeking approval of the subject transactions. No objections were made, and on June 27, 1979, the court approved payment of the then outstanding renewal note "as a valid obligation of the decedent

existing at the time of her death and probably allowed by the executor." Joint Exhibit 17–Q.

Section 20.2053–1(b)(2) of the estate tax regulations, 26 C.F.R. § 20.2053–1(b)(2), which the Tax Court did not apply or cite in this case, provides,

> The decision of a local court as to the amount and allowability under local law of a claim . . . will ordinarily be accepted if the court passes upon the facts upon which deductibility depends. If the court does not pass upon those facts, its decree will of course, not be followed.... It must appear that the court actually passed upon the merits of the claim. This will be presumed in all cases of an active and genuine contest. If the result reached appears to be unreasonable, this is some evidence that there was not such a contest, but it may be rebutted by proof to the contrary. If the decree was rendered by consent, it will be accepted, provided the consent was a bona fide recognition of the validity of the claim (and not a mere cloak for a gift) and was accepted by the court as satisfactory evidence upon the merits. It will be presumed that the consent was of this character, and was so accepted, if given by all parties having an interest adverse to the claimant. The decree will not be accepted if it is at variance with the law of the state....

All of the facts relating to the subject claim were presented to the Circuit Court of Clinton County and it actually passed upon the merits of the claim. The fact that no objections were made cannot be held against the estate. Nor was the result reached by the Circuit Court of Clinton County unreasonable.

Assuming that the order of the Circuit Court of Clinton County was by consent of all interested persons (other than the District Director), the consent was a bona fide recognition of the validity of the claim. This was not a mere cloak for a gift; Bessie L. Thompson's obligation to the bank at the time of her death was bona fide and the result of an arm's-length transaction. Nor was the order of the Circuit Court of Clinton County at variance with the law of the state. The executor and the bank had compromised, adjusted and acknowledged Bessie L. Thompson's obligation to the bank in a timely manner and within the authority prescribed by § 29–1–14–18 of the Indiana Code.

Even taking into consideration the events subsequent to the death of Bessie L. Thompson her indebtedness to the bank was her personal obligation and was both "allowable" and "enforceable" against her estate under the laws of the state of Indiana within the meaning of 26 U.S.C. § 2053(a) and 26 C.F.R. § 20.2053–4. It follows that the Tax Court erred in reaching the decision that it did. The cause is reversed and remanded to the Tax Court with instructions to proceed in accord with the views herein expressed.[1]

REVERSED AND REMANDED.

---

**1.** The Tax Court advises that one other adjustment in the notice of deficiency, unrelated to the issue presented here, reduced the taxable estate and is not contested by the estate. Therefore, this cause should be remanded for further proceedings.